Elizabeth Murray, Appellee, v. The Bedell Company of Chicago, Appellant.

Gen. No. 33,621.

Opinion filed March 5, 1930.

JOHN CLARK BAKER, for appellant.

John H. Dolan, for appellee; Alfred G. Brile, of counsel.

Mr. Presiding Justice Wilson delivered the opinion of the court.

This is an action on the case for personal injuries sustained by the plaintiff, Elizabeth Murray, by reason of her falling while upon the premises of the defendant, The Bedell Company of Chicago, a corporation. The declaration, consisting of one count, charged that the defendant was operating and carrying on a mercantile business on the premises in question and invited the public to trade in its store; charges further that there was a public entrance or vestibule maintained by the defendant for the purpose of furnishing ingress and egress to that portion of the building in which the store was located; charges that it was the duty of said defendant to keep said vestibule in good condition, but that it wrongfully suffered and permitted the floor to become wet and slippery and, by reason thereof, plaintiff who was intending to become a customer of the defendant, while walking in and through said vestibule or entrance, was caused to and did slip and was injured. A trial resulted in a verdict in favor of the plaintiff for the sum of $1,150, upon which judgment was entered and this appeal prayed and allowed.

From the facts it appears that the store in question was located on State Street in the City of Chicago. In front of said store and extending out to the sidewalk was a vestibule or entry, the flooring of which appears to have consisted of marble tiling. From the photograph in the record, this vestibule was surrounded by display windows. There appears from the evidence to have been no defect in the manner in which this vestibule or entry was constructed. Plaintiff testified that she noticed an incline, but from the photograph in evidence, this incline is not perceptible, nor

is it charged in the declaration that such an incline if any contributed in any manner to the injury.

Plaintiff testified that she had lived in Chicago for 46 years; that on the day of the accident it had been raining during the morning and was misting or slightly raining at the time of the accident. She testified that she went to the store of the defendant for the purpose of becoming a customer and that as she was about to enter the vestibule, which was on a level with the sidewalk, she noticed that there was mud and water on the flooring and that there was a slight incline, and that she knew that she would have to be careful. She testified further that she had galoshes on at the time of the accident; that the floor was tracked up with mud.

The defendant company had in its employ a doorman who testified that at 10 o'clock in the morning when he went to work he squeegeed the vestibule, which appears to be a process of cleaning by means of what is known as a rubber squeegee. He testified also that he again squeegeed the vestibule shortly after 12 o'clock, and that he was on the sidewalk in front of the premises at the time of the accident, which appears to have happened sometime around 1:15 in the afternoon.

The question appears to be whether or not, under such circumstances, a merchant is liable to an invitee upon such premises, where such invitee is caused to slip and fall by reason of mud and water upon the flooring of such a vestibule or entry.

From the testimony of the plaintiff it is apparent that the danger, if any, was clearly evident to her, as well as the defendants, and that she was aware of the condition and of the possibility of sustaining a fall before she undertook to pass over and along the floor space of the vestibule.

The condition described by the witnesses is one that is not only not unusual, but is customarily to be found

on such days as described in the testimony, in vestibules of this character and the sidewalks and the premises surrounding entrances to public places. A somewhat similar situation was presented in *Kresge Co. v. Fader,* 116 Ohio St. 718, with the exception that the plaintiff in that case slipped and fell, by reason of water and mud which had been tracked inside the store by other customers. The court in commenting on the liability of the owner of premises, under such circumstances, in its opinion says:

"It is a fact known to all that many stores in all branches of trade have an inside door or passageway into the store, usually in the middle of the front. On each side of this passageway is a display window. The passage then extends back ten or twelve feet or more to the entrance door to the store. This passage usually has a slight slope from the door to the sidewalk, at which line there is no door. This slope is to carry away the rain that may blow into the passageway. The passageway is in fact practically a part of the sidewalk, but at the same time it is within the front line of the store, and under control of the store. Would anyone contend that, if a person walked into such passageway when it was raining, and there slipped and fell, he could recover damages because there was moisture on the floor of the passageway? Manifestly not. Everybody knows that, when people are entering any building when it is raining, they will carry some moisture on their feet, which will render the floor near the door on the inside damp to some extent, and every one knows that a damp floor is likely to be a little more slippery than a dry floor. . . .

"Owners or lessees of stores, office buildings, banks, hotels, theaters, or other buildings where the public is invited to come on business or pleasure, are not insurers against all forms of accidents that may happen to any who come." See also *Dudley v. Abraham,* 107 N. Y. S. 97.

In the case at bar the plaintiff was as well apprised of the condition existing in the vestibule as the defendant, and should be held to as high a degree of care for her own safety as would be required of the defendant.

Instruction number 13, offered on behalf of the plaintiff, was erroneous and should not have been given. *Molloy v. Chicago Rapid Transit Co.*, 335 Ill. 164.

Under the facts as they appear from the record, the trial court should have directed a verdict in favor of the defendant. We find that the facts show no such evidence of negligence on the part of the defendant as would be actionable at law.

For the reasons stated in this opinion, the judgment of the superior court is reversed and judgment entered here for the defendant.

*Judgment reversed and judgment here.*

RYNER and HOLDOM, JJ., concur.