Viola Clark and Albert L. Clark, Appellants, v. Carson Pirie Scott and Company, Appellee.

Gen. No. 44,979.

Opinion filed March 23, 1950. Released for publication April 13, 1950.

ZLATNIK, GAINES, GORDON & GRUBMAN, of Chicago, for appellants; ARNOLD GRUBMAN and R. L. BENJAMIN, both of Chicago, of counsel.

B. S. QUIGLEY and VOGEL & BUNGE, all of Chicago, for appellee; L. H. VOGEL, GEORGE C. BUNGE, and KENNETH H. HANSON, all of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff and her husband filed their complaint for personal injuries to the wife, resulting from the alleged negligence of the defendant, and for damages sustained by the husband for loss of services of the wife and expenditure of money for necessary help to do the ordinary household work, which she was unable to do, resulting from the alleged injuries to her. Upon a trial with a jury, after the evidence was concluded, plaintiffs were given leave to file an amended complaint, and an answer was filed thereto. Both at the close of plaintiffs' case and the close of all of the evidence, defendant filed its motion for a directed verdict of not guilty, a ruling

upon which was reserved by the court. There was a verdict for plaintiff, Viola Clark, assessing the damages at $3,500, and as to the plaintiff, Albert Clark, a verdict of not guilty. Defendant filed its motion for judgment *non obstante veredicto* and the alternative motion for a new trial. Upon a hearing, the trial court sustained the motion for judgment *non obstante veredicto*, entered judgment accordingly, and directed in its order that in the event said judgment be set aside that a new trial be granted. It overruled the motion for new trial on behalf of Albert Clark and entered judgment on the verdict. The appeal by both plaintiffs is from said judgments.

Upon this appeal, plaintiff, Viola Clark, argues that the court entered judgment *non obstante veredicto* contrary to the settled rule governing such judgments; that if there is any evidence reasonably tending to support plaintiffs' claim, it becomes a question of fact for the jury, and the court would have no right to enter such a judgment; *Merlo v. Public Service Co. of Northern Illinois*, 381 Ill. 300; *Shannon v. Nightingale*, 321 Ill. 168; *Elbers v. Standard Oil Co.*, 331 Ill. App. 207; *Tobin v. Consolidated Freight Co.*, 334 Ill. App. 394; that the court could only grant the new trial as to Viola Clark if the verdict was against the manifest weight of the evidence; and that the court erred in denying a motion for new trial on behalf of plaintiff, Albert Clark.

The amended complaint charges that defendant owned and conducted a department store, in which the public was invited, and that plaintiff, Viola Clark, was an invitee; that on the day of the accident, defendant, not regarding its duty in that behalf, ''carelessly and negligently maintained a part of the said building, viz: the lobby and entrance to the said building, situated in the southern end of said building on the aforesaid State street, in that there was then and there

in the stone floor of said lobby a shallow depression, concavity or hole, and that there was on the floor of said lobby a certain brass strip which said brass strip was fastened in said floor and which said brass strip protruded over the surface of said floor for a space of to-wit: one-eighth of an inch, and that said brass strip was fastened in said floor immediately adjacent to the shallow depression, concavity or hole heretofore described; that the top of said brass strip had become worn and smooth by the passage of time and *that it was then and there raining at and about the location of the aforesaid building and that as a result thereof, the aforesaid brass strip and floor leading into said depression had become slippery* and by reason of the premises, the plaintiff, who at the time was in the exercise of all due care and caution for her own safety was attempting to enter the place of business of the defendant herein for the purpose of then and there purchasing certain articles of merchandise offered therein, her foot stepped on the brass strip heretofore described and went into the depression, concavity or hole and she fell to the floor of said entrance." (Italics ours.)

It is clear from this allegation that the injury to the plaintiff resulted from the rainy condition existing at the time; that the brass strip and floor had become slippery by reason thereof and not because of any defect; and that her foot stepped on the brass strip, which caused her to fall to the floor. According to her own evidence, it was raining on the day in question. Plaintiff testified that she was carrying her umbrella and purse over her left arm; that she entered the store of defendant at its south entrance, which had three sets of double doors; that there were people immediately in front of and behind her; that she observed the condition of the floor of the lobby when she entered; that "it was wet because it had been raining"; that on

263

the floor there was a metal strip around the green marble or border which separated it from the white marble; that the pedestrian traffic going into the lobby was heavy; that people were waiting to get into the revolving doors, and "I felt the sensation of my foot slipping and with that I went down and sat bracing myself, . . . I felt myself slipping and I went down; my foot slipped and I went down. . . . My feet slid from under me, throwing me afterwards backwards. . . . I noticed that the pavement there was wet and looked like it had been worn from people going in and out, . . . . The strip is raised up a little more than the floor. It is raised about maybe an eighth of an inch."

Defendant's witness, Frank Lima, the porter in the store, testified that on the day in question he was cleaning up the vestibule involved, with a mop, every five or ten minutes. On cross-examination he testified that the day of the accident in question was like any other rainy day at the store, when he had to do the same type of work; that he had never seen anyone fall in that vestibule since he had been working there.

██ There is no charge in the amended complaint that the metal strip, in and of itself, created a dangerous condition. The undisputed evidence is that there was not in the stone floor of said lobby any shallow depression, concavity or hole. The metal strip separated the terrazzo portion of the floor from the marble or stone section of the floor of the lobby. The undisputed evidence is that throughout the day, and at or about the time of the accident, defendant's janitor mopped up the wet floor. The slippery condition due to the elements, over which defendant had no control but who, on the other hand, exercised every reasonable precaution to keep the floor dry, cannot be charged to any negligence on the part of defendant. We fail to find any evidence in the record which could reasonably

264

tend to prove any negligence on the part of defendant. *Murray v. Bedell Co.*, 256 Ill. App. 247, and *Brunet v. S. S. Kresge Co.* (C. C. A. 7th), 115 F. (2d) 713, lay down the rule squarely applicable to the question of liability in the instant case. *Murray v. Bedell Co., supra,* is analogous upon the facts. There, plaintiff slipped and fell in the vestibule of defendant's store on a rainy day. There, too, the janitor cleaned or mopped the vestibule throughout the day. A verdict for the plaintiff was reversed. This court (Third Division) said at p. 249:

"From the testimony of the plaintiff it is apparent that the danger, if any, was clearly evident to her, as well as the defendants, and that she was aware of the condition and of the possibility of sustaining a fall before she undertook to pass over and along the floor space of the vestibule.

"The condition described by the witnesses is one that is not only not unusual, but is customarily to be found on such days as described in the testimony, in vestibules of this character and the sidewalks and the premises surrounding entrances to public places."

It quoted with approval from *S. S. Kresge Co. v. Fader,* 116 Ohio St. 718, wherein it was said:

" 'Would anyone contend that, if a person walked into such passageway when it was raining, and there slipped and fell, he could recover damages because there was moisture on the floor of the passageway? Manifestly not. Everybody knows that, when people are entering any building when it is raining, they will carry some moisture on their feet, which will render the floor near the door on the inside damp to some extent, and everyone knows that a damp floor is likely to be a little more slippery than a dry floor. . . .

265

" 'Owners or lessees of stores, office buildings, banks, hotels, theaters, or other buildings where the public is invited to come on business or pleasure, are not insurers against all forms of accidents that may happen to any who come.' . . .

"In the case at bar the plaintiff was as well apprised of the condition existing in the vestibule as the defendant, and should be held to as high a degree of care for her own safety as would be required of the defendant. " . . .

"Under the facts as they appear from the record, the trial court should have directed a verdict in favor of the defendant. . . ."

To the same effect is *Brunet v. S. S. Kresge Co., supra.* ■■ We think that the court would have been fully justified in directing a verdict for the defendant at the close of all the evidence and was, therefore, justified in entering the judgment *non obstante veredicto.* Having determined that plaintiff, Viola Clark, could not recover, it follows that the husband could not recover for alleged expenditures by him, and the court correctly denied his motion for new trial and entered judgment on the verdict.

The judgments of the superior court are affirmed.

*Affirmed.*

NIEMEYER, J., concurs.
TUOHY, P. J., took no part.