**Catherine Hartman, Appellee, v. Goldblatt Bros., Inc., Appellant.**

**Gen. No. 47,529.**

First District, Third Division.

December 17, 1958.

Rehearing denied January 12, 1959.

Released for publication January 22, 1959.

Albert H. Dolin, of Chicago (Bernard Rosencranz, of counsel) for defendant-appellant.

Mitchell & Conway, of Chicago (Frederick O. Floberg, of counsel) for appellee.

JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from a judgment entered in the Municipal Court of Chicago in the sum of $5,000 after a verdict of the jury against defendant Goldblatt Bros., Inc., and in favor of plaintiff Catherine Hartman.

The action is one for personal injury. The error urged is that the court refused to direct a verdict in favor of defendant at the end of plaintiff's case and again at the close of all the evidence. These errors were presented in the motions for the court to enter a judgment notwithstanding the verdict and for a new trial, which were denied.

■ ■ The question is, did plaintiff prove the negligence of defendant, so that the question of defendant's negligence should be submitted to the jury and the jury's verdict upheld. It is the law in Illinois that: "The question presented by a motion for a directed verdict, or for a judgment *non obstante veredicto,* is whether there is any evidence fairly tending to prove the cause of action or the fact affirmed. The court, on such motion, does not weigh the evidence nor consider its preponderance." (Citations omitted.) Palmer v. Loveless, 342 Ill. App. 60, at 64. This test applies to this court in reviewing motions for directed verdicts. In Bunton v. Illinois Cent. R. Co., 15 Ill.App.2d 311, at 320, we said: "It is well settled that if there is any evidence which would support the finding of the jury, the verdict of the jury should not be disturbed and a judgment *non obstante veredicto* should not be entered. In considering these questions all the evidence tendered

in support of the verdict must be considered in its most favorable intendments to the verdict. Any questions of disputed evidence or fact must be resolved in the most favorable manner in favor of the verdict. Walaite v. Chicago R. I. & P. Ry. Co., 376 Ill. 59, 61; Merlo v. Public Service Co., 381 Ill. 300, 311; Bales v. Pennsylvania R. Co., 347 Ill. App. 466, 473; Farr v. Chicago & E. I. R. Co., 8 Ill.App.2d 168; Lindroth v. Walgreen Co., 407 Ill. 121, 130." With these principles in mind we consider the evidence in this case.

The incident out of which this case arose occurred about February 10, 1955, just outside the entrance of the Goldblatt Bros. store located at 3100 North Lincoln Avenue at about 7:50 p. m. Plaintiff came out of a revolving door entrance to the store, which was recessed within the store, stepped on the rubber mat which was just outside the revolving door, and then stepped off the mat onto the concrete and slid and fell, breaking her ankle. Plaintiff's change of direction, causing her to leave the mat and step upon the concrete, was caused by her desire to go to an adjoining dime store.

The negligence charged to defendant is that it "permitted said recess and floor and walk to become wet and slippery," and, "it permitted a certain rubber mat to remain on the floor of said recess in a careless, negligent and hazardous manner."

It is admitted by both plaintiff and defendant that the mat had nothing to do with plaintiff's fall, and that she fell after she had stepped off the mat, nor is there any evidence whatsoever that the mat was improperly placed or in use at the door.

Therefore the negligence finally charged is that defendant "permitted said recess and floor and walk to become wet and slippery."

The evidence shows that it had been snowing most of the day, but that it had stopped a considerable time

565

before the incident occurred. There is no evidence of any accumulation of ice, snow, or any other debris in or near the entrance-way. Plaintiff testified that the floor of the entrance-way was wet, that the sidewalk in front of the entrance-way was wet, that the street in front of the sidewalk in front of the entrance-way was wet, and there was no accumulated snow on the street. She testified that the whole neighborhood was wet.

Plaintiff's witness testified that the sidewalk in the entrance-way was wet, the sidewalk in front of the entrance-way was moist or wet, but there was no snow on the sidewalk, and that it was wet all over. Plaintiff and her witness also testified that the wet concrete was slippery and was slick. This summarizes the testimony relating to the negligence of defendant in permitting the walk to become wet and slippery.

This therefore poses the question whether it can be said that, on a day when the sidewalks and streets are wet throughout the neighborhood, the owner of a store shall not only keep his premises free and clear from any accumulation of snow or ice or freezing moisture, but must also keep the entrances to his store dry, free from the wet carried in by customers, if he is to be free from negligence. Under these weather conditions is the owner of a store guilty of negligence merely from a wetness on the floor, when it does not involve any accumulation of water, ice, snow, or debris?

■ The basis of recovery in personal injury cases is not merely that an injury was sustained, but that an injury was sustained because of the negligence of defendant. Negligence is the breach of duty which one person owes to another or the absence of care, according to the circumstances, and it may be defined as the want of that degree of care which the law requires in a given case. 28 I. L. P., Negligence, § 2, p. 7. The absence of care which is negligence must be according to the circumstances.

Here there is neither allegation nor testimony that there were any hidden dangers. The wetness of the concrete on which plaintiff slipped was plainly visible to all persons.

In Dixon v. Hart, 344 Ill. App. 432, which was a case involving a customer who fell on the floor of the store after the floor had been polished, it was held that the testimony that the floor was "slick" or "slippery" was not sufficient to establish that defendant was negligent so as to require the submission to the jury of the question.

In the case of Murray v. Bedell Co., 256 Ill. App. 247, it was charged that defendant was negligent because it had "wrongfully suffered and permitted the floor to become wet and slippery . . ." In that case there was testimony that there was mud and water on the floor. It was also testified that the entrance had been squeegeed at ten o'clock and twelve o'clock, and the incident occurred at 1:15. Still, the amount of effort required depends upon the condition of the floor. That condition is the important element in determining whether or not defendant was negligent. In that case this court reversed the Superior Court of Cook County and directed the entry of a judgment for defendant on the basis that there was no evidence of negligence.

In the case of Kelly v. Huyvaert, 323 Ill. App. 643, which was a case in which plaintiff had been in defendant's place of business and left and slipped on the icy sidewalk adjoining defendant's place of business, suffering injuries, it was held on page 646 as follows: "Our attention has been called to no case wherein the property owner has been held liable when the icy condition had been general throughout the neighborhood and was not aggravated, or caused in any way by the property owner, but where the same had been caused by nature." (Citing Murray v. Bedell Co., supra.)

567

■ It is clear from the cases discussed above that the condition alleged and proved did not constitute negligence. There was no breach of a duty which defendant owed, nor did the condition indicate any absence of care according to the circumstances. There being no proof of negligence, the court below should have sustained the motion for a directed verdict in favor of defendant at the end of plaintiff's case and again when it was renewed at the close of all the testimony.

The judgment of the court below is reversed and the cause remanded with directions to enter judgment in favor of defendant.

Reversed and remanded.

FRIEND, P. J. and BURKE, J., concur.