David W. Hall, Jr., d/b/a Hall Industries and Hall Industries, Inc., Plaintiff-Appellant, v. Frank Gruesen, d/b/a Gardencraft, Mutual Metal Manufacturing Co., a corporation, and C. D. Cash Mfg. Co., a corporation, Defendants-Appellees.

## Gen. No. 47,656.

First District, First Division.

September 14, 1959.

Released for publication October 19, 1959.

Raymond B. Morris, of Chicago (Samuel C. Morris, of counsel) for plaintiff-appellant.

Philip D. Goodman, of Chicago (Charles D. Snewind, of counsel) for defendants-appellees.

JUSTICE SCHWARTZ delivered the opinion of the court.

This is a suit for damages for breach by defendants, Gruesen, Mutual Metal Mfg. Co. (Mutual) and C. D. Cash Mfg. Co. (Cash), of a contract to manufacture and deliver goods ordered by plaintiff. The complaint consists of three counts. Gruesen was not served. A motion by defendants Mutual and Cash to strike Counts 1 and 2 was sustained by the court, and the suit was dismissed as to Mutual. The third count charged Cash with failure to return wire display racks and signs delivered to it, to be shipped with orders to plaintiff's customers, for use in displaying merchandise. A judgment by consent was entered on that count against Cash for $217.50.

The amended complaint alleges that defendant Gruesen was engaged in the manufacture and sale of

hand garden tools with defendants Mutual and Cash, apparently under the trade name of "Gardencraft"; that Gruesen agreed to manufacture these tools for plaintiff for the season 1956–57, to be sold under plaintiff's name as the manufacturer; that prior to November 29, 1956, plaintiff had forwarded to Gruesen orders for 4705 units to be delivered to purchaser; that on December 10, 1956, Gruesen notified plaintiff that he had made a contract with Mutual and Cash to manufacture the tools, and that thereafter Mutual and Cash *agreed with plaintiff* to manufacture, assemble, package, label and ship the tools in accordance with the orders plaintiff had given Gruesen and for such additional orders as plaintiff would place through him; that relying on these agreements, plaintiff placed an order with Gruesen on or about January 3, 1957, for a large quantity of tools and *"paid Gruesen, with the knowledge and consent of Mutual and Cash, $2000";* that defendants did manufacture and ship 11,071 units of " 'Gardencraft garden' tools," but failed and refused to ship 20,948 units, orders for which they had "accepted from the plaintiff," and as a consequence, plaintiff was damaged. The complaint sets forth in detail extensive damages.

The first question to be determined is whether the amended complaint sets forth a cause of action against defendants Mutual and Cash. It alleges specifically that Mutual and Cash agreed with plaintiff to manufacture the tools in accordance with orders plaintiff had given Gruesen and for additional orders, and in reliance on that agreement, plaintiff placed the order of January 3, 1957. The averments are not in that precise language at one time required, but under the Practice Act, pleadings are liberally construed with a view to doing substantial justice between the parties. (Ill. Rev. St. 1957, Ch. 110, Par. 33.) This is not an idle generality to which only lip service need

be paid. It is the pronouncement of a burial service for the formalities of Chitty and the rigors of common law pleading. The intricate and complex relationships of contemporary business enterprises make it impossible to state a modern mercantile arrangement within the bounds set by Chitty and his predecessors. The essential test of a complaint is that it inform the defendant of a valid claim. Snook v. Shaw, 315 Ill. App. 594, 598; Ill. Rev. Stat., 1957, Ch. 110, Par. 42(2). Construing the contract liberally, to the end that plaintiff may be given an opportunity to prove what he alleges in his complaint, we think the allegations of Counts 1 and 2 are sufficient to require defendants to answer.

■ The contract to purchase from Gruesen such amount of tools as plaintiff "would need" for the 1956–57 season possessed adequate mutuality of obligation. National Furnace Co. v. Keystone Mfg. Co., 110 Ill. 427. However, the agreement with Mutual and Cash, as stated in the complaint, was that they would manufacture and ship such orders as plaintiff would place through Gruesen. Defendant argues that this agreement lacked mutuality of obligation. It has been stated that mutuality of obligation means that both parties to an agreement are bound or neither is bound. The Fair v. Estate Stove Co., 246 Ill. App. 558, 560; Bushnell v. Curtis, 236 Ill. App. 89. However, a contract need not be reciprocal as to every separate obligation. It is sufficient that it legally obligates both parties to abide by and perform its conditions. Industrial Nat. Gas Co. v. Sunflower Nat. Gasoline Co., 330 Ill. App. 343, 359–360; Bates Mach. Co. v. Bates, 192 Ill. 138. The want of mutuality is no defense where the contract is executed, (The Maccabees v. Stone, 306 Ill. App. 468) or where the party who is not bound to perform does perform. Corso v. Dixon, 348 Ill. App. 378, 384–5. In either event, the agreement was valid

and enforceable when plaintiff placed the order with defendants.

■ Further, in the oral agreement defendants Mutual and Cash extended a continuing offer to plaintiff to accept orders. The agreement ripened into a contract when plaintiff accepted the offer by placing orders of a specified amount. By their agreement defendants must be regarded as continuously assenting to receive such performance in return for their own promise. Streich v. General Motors Corp., 5 Ill.App.2d 485, 494-495. Corbin on Contracts, Vol. 1, Sec. 157. Therefore the contract is valid and enforceable as to the ordered goods.

The next question is whether the oral agreement is barred by the statute of frauds. Defendants argue that it is within the statute, since it was entered into in December 1956 and was to cover the 1956-57 garden season and thus was to run for longer than one year (Ill. Rev. Stat., 1957, Ch. 59, Par. 1) and, further, that it concerned the sale of goods in excess of $500 and is barred under the statute. Ill. Rev. Stat., 1957, Ch. 121½, Par. 4(1).

■■ For a contract to come within the statute, its terms must affirmatively show that it is not to be performed within one year. Taylor v. Scott, Foresman & Co., 178 Ill. App. 487. The statute does not apply if it appears from a reasonable interpretation of the terms of the agreement that it is capable of being performed within a year. Thermal-Tite Insulation Co. v. American Insulation Corp., 326 Ill. App. 252. It seems clear that a fair interpretation is that the 1956-57 garden season is less than one year. It is the period of gardening running from the winter of 1956 to the fall of 1957. In this respect, the contract does not fall within the statute.

With respect to the sale of goods being in excess of $500, the part payment of $2000 is adequate to re-

move the agreement from the statute of frauds. Ill. Rev. Stat., 1957, Ch. 121½, Par. 4(1).

The judgment is reversed and the cause remanded with directions that the motion to strike the amended complaint and dismiss the suit be denied and that defendants Mutual and Cash be required to answer the amended complaint, and for such other proceedings as are not inconsistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

DEMPSEY, P. J. and McCORMICK, J., concur.