Ruth Fanning, Plaintiff-Appellant, v. Claude Lemay and Ernest Piper, d/b/a Speed Wash Laundry; U. S. Rubber Company, Incorporated, a Corporation; and Montgomery Ward and Company, a Corporation, Defendants-Appellees.

Gen. No. 66–21.

Fifth District.

December 31, 1966.

Hanagan & Dousman, of Mt. Vernon, for appellant.

John E. Jacobsen, of Craig & Craig, of Mt. Vernon, for appellees U. S. Rubber Co., Inc. and Montgomery Ward and Co., Inc., and Franklin, Garrison & Bleyer, of Marion (James B. Bleyer, of counsel), for appellees Claude Lemay and Ernest Piper, d/b/a Speed Wash Laundry.

GOLDENHERSH, J.

Plaintiff appeals from the judgment of the Circuit Court of Jefferson County, entered in favor of all defendants upon allowance of defendants' motions to dismiss plaintiff's complaint, and the cause of action.

The complaint is in three counts. Count I, as amended, is directed against the defendants, Claude Lemay and Ernest Piper, d/b/a Speed Wash Laundry. Plaintiff alleges that defendants own and operate a laundromat in Mt. Vernon, known as the Speed Wash Laundry, that plaintiff, as a business invitee of defendants, entered the premises for the purpose of using certain coin operated washing machines, that she was in the exercise of due care for her own safety, that it was raining, that the floor of the laundromat was covered with asphalt tile, which defendants knew, or in the exercise of reasonable care should have known, would become slippery when wet, that defendants knew, or in the exercise of reasonable care should have known, that customers coming in to the premises while it was raining would

168

carry water on to the asphalt tile on the soles of their shoes, that defendants owed their customers the duty to exercise reasonable care, that defendants were negligent in failing to furnish a mat, rug, or "other similar safe and suitable means" inside the door for "use by customers to wipe their shoes," upon entering the premises, and were negligent in failing to warn plaintiff and others that the floor was slippery when wet, when "they knew or should have known that the safety of plaintiff was thereby endangered."

Count II is directed against the defendant, U. S. Rubber Company, Incorporated, and charges that the defendant, U. S. Rubber Company, Incorporated, manufactured a certain type of shoe which was sold exclusively by the defendant, Montgomery Ward and Company, Incorporated, the soles of which, when wet, were not safe for use in walking on asphalt tile floors, that persons wearing said shoes, when wet, and in walking upon asphalt tile floors, were in danger of slipping and falling, that defendant used a type of material in making the soles which it knew, or should have known, was not safe for the purpose for which it was used, that defendant failed to warn plaintiff and other purchasers of the dangers of wearing the shoes, that plaintiff purchased a pair of the shoes from the defendant, Montgomery Ward and Company, Incorporated, and while wearing them, entered the premises of the defendants, Claude Lemay and Ernest Piper, that it was raining, and that there was not available in the premises any means of wiping the moisture from the soles of her shoes.

Count III is directed against the defendant, Montgomery Ward and Company, Incorporated, and alleges that plaintiff bought the above described shoes from this defendant, alleges that chapter 26, sections 2–315, and 2–316 (2), Ill Rev Stats 1963, were in full force and effect, that plaintiff relied upon the skill or judgment of the

defendant, Montgomery Ward and Company, Incorporated, that the shoes were fit for the purpose of walking upon asphalt tile floors, and in wet weather; that said shoes were not fit for that purpose in that when the soles were wet, they became slippery and dangerous, that at the time of the sale, plaintiff was not given any conspicuous written exclusion of the implied warranty of fitness as is required by section 2–316(2) supra, that plaintiff wore the shoes into the premises of the defendants, Claude Lemay and Ernest Piper, and because of the breach of the implied warranty, defendant was caused to fall. In each count it is alleged that plaintiff fell and suffered injuries.

The Civil Practice Act provides that pleadings shall be liberally construed with a view to doing substantial justice between the parties. Ch. 110, § 33(3), Ill Rev Stats 1965. Section 4 of the Civil Practice Act provides that the Act shall be liberally construed to the end that controversies may be speedily and finally determined according to the rights of the parties. (C 110, § 4, Ill Rev Stats 1965.) Section 31 provides that certain formal requisites heretofore pertaining to pleading are no longer necessary, but states that the section does not affect in any way the substantial averments of fact necessary to state a cause of action, and section 42(2) provides: "No pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet."

In a scholarly opinion in the case of Kita v. Young Men's Christian Ass'n of Metropolitan Chicago, 47 Ill App2d 409, 198 NE2d 174, Mr. Justice McCormick, speaking for the Appellate Court, reviews the common-law system of pleading, the reforms instituted in England commencing in 1776, the development of code pleading in the United States, and many of the decisions of the

Illinois courts of review since the adoption of the Civil Practice Act in 1933, and concludes with the admonition that the purpose of the law is to do substantial justice, and if the courts, by their restrictive interpretation of the Civil Practice Act, "place the rights of the plaintiff and defendant in a legal strait jacket," they will defeat the achievement of simplicity of pleading which the Civil Practice Act was designed to accomplish.

█ The purpose of a complaint, and the test of its sufficiency, is that it inform the defendant of a valid claim under a general class of cases. Irving v. Rodriquez, 27 Ill App2d 75, 169 NE2d 145. In Hall v. Gruesen, 22 Ill App2d 465, 161 NE2d 345, at page 468, the Appellate Court, in considering the sufficiency of a complaint, said: "The averments are not in that precise language at one time required, but under the Practice Act, pleadings are liberally construed with a view to doing substantial justice between the parties. (Ill Rev St 1957, Ch 110, Par 33.) This is not an idle generality to which only lip service need be paid. It is the pronouncement of a burial service for the formalities of Chitty and the rigors of common-law pleading. . . . The essential test of a complaint is that it inform the defendant of a valid claim."

█ In a complaint seeking to allege a cause of action based on negligence, it is sufficient if the facts alleged are such as to raise a duty, show a breach of the duty, and a resulting injury. The allegations need not be framed in any specific manner, negligence may be alleged generally, Church v. Adler, 350 Ill App 471, 113 NE2d 327, and causes of action may be pleaded alternatively, hypothetically and inconsistently. (Section 43 (2) Civil Practice Act.) If a party feels that the pleading does not adequately advise him of the claim against which he must defend, section 45(1) of the Civil Practice Act provides for a motion to make more definite and certain, and a bill of particulars may be sought in accord-

171

ance with section 37. The provisions for discovery in the Civil Practice Act and the Supreme Court Rules, provide the method for obtaining information pertinent to the litigation. With these means of ascertaining the nature of the claim, and the evidence in support of it, an order of dismissal of a cause of action on the pleadings should be entered only if no set of facts can be proved which will entitle the pleader to relief, and then only if it is apparent that even after amendment, if leave to amend is sought, that no cause of action can be stated. Olin Mathieson Chemical Corp. v. J. J. Wuellner & Sons, Inc., 72 Ill App2d 488, 218 NE2d 823, Davis v. Hoeffken Bros., Inc., 60 Ill App2d 139, 208 NE2d 370.

Plaintiff, relying primarily upon Sommese v. Maling Bros. Inc., 65 Ill App2d 223, 213 NE2d 153, argues that Count I of the complaint states a cause of action. Defendants, Claude Lemay and Ernest Piper, d/b/a Speed Wash Laundry, contend that plaintiff's complaint "alleges an occurrence resulting solely from natural causes; namely, rain water on sole of plaintiff's shoes, for which defendants cannot be held responsible, and the Court should decide the question as a matter of law."

In support of their position, defendants, Claude Lemay and Ernest Piper cite Clark v. Carson Pirie Scott & Co., 340 Ill App 260, 91 NE2d 452; Hartman v. Goldblatt Brothers, Inc., 19 Ill App2d 563, 154 NE2d 872; Murray v. Bedell Co., 256 Ill App 247; Brunet v. S. S. Kresge Co., 115 F2d 713; Sears, Roebuck & Co. v. Johnson, 91 F2d 332; and S. S. Kresge Co. v. Fader, 116 Ohio St 718, 158 NE 174. We have examined each of these opinions, and point out that unlike this case, those cases were tried, and the reviewing court was required to determine whether the evidence presented a case for submission to the jury.

Here, our review is more limited; we need only determine whether under the pleadings, plaintiff could prove a submissible case.

172

On November 14, 1966, in Docket No. 39776, the Supreme Court, while reversing the judgment in Sommese for other reasons, said: "The defendant contends that as a matter of law the plaintiff is not entitled to recover because the plaintiff's evidence failed to establish that the construction or maintenance of the defendant's premises was negligently accomplished; that defendant had any knowledge of the alleged hazardous nature of its premises; and proximate cause. Defendant further insists the evidence shows that plaintiff's actions were the proximate cause of her injury, or that her injuries were the result of an accident for which nobody is to blame.

"As to these matters the appellate court held that the plaintiff was not barred from recovery as a matter of law and that the trial court was correct in refusing defendant's motions for a directed verdict, and for judgment notwithstanding the verdict. We do not consider it necessary to discuss the cases presented on this point as they are analyzed in the appellate court opinion. We believe that the appellate court was correct in its decision on this point and that, considering the evidence most favorable to the plaintiff, it was a jury question as to whether the defendant knew or should have known that the material used in the composition of the floor, upon becoming wet and damp, became very slippery and dangerous and that the defendant failed to warn the person lawfully on its premises of its unsafe condition."

In view of the holding in Sommese, we conclude that under the pleadings here plaintiff could prove that the defendants knew, or should have known, that the asphalt tile, like the terrazo in Sommese, upon becoming wet, became very slippery and dangerous, and failed to warn plaintiff, lawfully on their premises, of its unsafe condition. The falling of rain and the tracking of water into premises to which the public is invited are predictable and frequent occurrences, and, as stated by the Appellate

Court in Sommese, whether the failure to place mats on the floor is negligence, if such failure is proved, is a jury question. Confronted with this specific issue in Lagana v. Stop and Shop, Inc., 24 Conn Sup 64, 186 A2d 565 (Circuit Court of Connecticut, Appellate Division), the court held that whether the defendant was negligent in failing to place a rubber mat on its floor during a period of snow fall, was a jury question.

We have examined the Abstract of Record filed in Sommese and find the allegations of negligence abstracted as follows: "She alleged negligence in failing to keep the premises in a safe condition, allowing the premises to become wet and slippery which created a dangerous condition, and failure to warn her, as an invitee, of the dangerous condition caused by the material composing the sidewalk becoming wet and slippery." The evidence adduced in Sommese, as reviewed in the opinion of the Appellate Court, would be admissible under the allegations contained in Count I of plaintiff's complaint, and if such evidence were adduced, it would make a submissible case. We conclude, therefore, that the trial court erred in dismissing Count I.

Count II purports to plead a cause of action against the defendant manufacturer, and is the type of claim commonly referred to as "Products Liability."

The parties have cited and argued many cases, but as this court said in Wright v. Massey-Harris, Inc., 68 Ill App2d 70, 215 NE2d 465, "We have refrained from extended comment on any cases pre-dating Suvada [1] because we believe that Suvada inaugurates a new era in products liability law in Illinois to such an extent that almost all of the cases preceding this decision are completely outmoded." The sufficiency of Count II must be determined in the light of the decision in Suvada. To state

[1] Suvada v. White Motor Company, 32 Ill2d 612, 210 NE2d 182.

a cause of action the complaint must allege that plaintiff's injury resulted from a condition of the product, that the condition was an unreasonably dangerous one, and that it existed at the time that it left the manufacturer's control. The complaint charges that the soles of the shoes were made of material which was not safe for the purpose for which it was used, that defendant failed to warn plaintiff and other purchasers that when wet, the shoes were not safe, and that her injury resulted therefrom. Suvada holds specifically that a defect in manufacture may give rise to a cause of action; this court in Wright v. Massey-Harris (supra) held that liability could also arise from a defect in design, and we now hold that the principle of Suvada is applicable to a defect in manufacture consisting of use of a material which may not be safely used for the purpose intended. Count II states a cause of action, and the trial court erred in dismissing the case as to the defendant, U. S. Rubber Company, Incorporated.

Count III is also in the nature of a claim arising out of "Products Liability," differing from Count II in that it is directed against the retailer from whom the the shoes were purchased. As stated by the Supreme Court in Suvada, "In addition to the manufacturer, liability in tort for a defective product extends to a seller, (Lindroth v. Walgreen Co., 407 Ill 121). . . ."

We are not aware of any decisions by Illinois courts of review in which the doctrine of strict liability in tort was applied to a retailer. In Vandermark v. Ford Motor Co., 61 Cal2d 256, 37 Cal Rptr 896, 391 P2d 168, (Supreme Court of California 1964) at page 171, the court said, "Retailers like manufacturers are engaged in the business of distributing goods to the public. They are an integral part of the overall producing and marketing enterprise that should bear the cost of injuries resulting from defective products. (See Greenman v. Yuba Power

175

Products, Inc., 59 Cal2d 57, 63, 27 Rptr 697, 377 P2d 897.) In some cases the retailer may be the only member of that enterprise reasonably available to the injured plaintiff. In other cases the retailer himself may play a substantial part in insuring that the product is safe or may be in a position to exert pressure on the manufacturer to that end; the retailer's strict liability thus serves as an added incentive to safety. Strict liability on the manufacturer and retailer alike affords maximum protection to the injured plaintiff and works no injustice to the defendants, for they can adjust the costs of such protection between them in the course of their continuing business relationship. Accordingly, as a retailer engaged in the business of distributing goods to the public, Maywood Bell is strictly liable in tort for personal injuries caused by defects in cars sold by it. (Citing cases.)"

For the decision of this appeal we need not determine whether the doctrine of strict liability in tort is applicable to all retailers. It is here alleged that the defendant, Montgomery Ward and Company, Incorporated, is the sole and exclusive retailer of the shoes which are allegedly defective, and under these circumstances, we hold the doctrine of Suvada to be applicable, and the court erred in dismissing Count III.

For the reasons herein set forth, the judgment of the Circuit Court of Jefferson County is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Judgment reversed and cause remanded.

MORAN, J., concurs.

EBERSPACHER, J., dissenting.

While I agree that Count I of the complaint states a cause of action, I am of the opinion that neither Count

II nor Count III state a cause of action. In those two Counts, I consider that plaintiff has failed to allege facts, sufficient to show that there was an unreasonably dangerous condition or defect in the shoes. Likewise in those Counts, plaintiff has failed to allege facts, sufficient to show that either the manufacturer or retailer knew or should have known that the shoes were going to be used when wet on an asphalt tile floor. Despite the liberal construction which pleadings are entitled, the Civil Practice Act still requires that facts, rather than conclusions of the pleader, be alleged to raise a duty, show a breach of duty, and a resulting injury. The fact that plaintiff fell while walking on asphalt tile when her shoes were wet, in my opinion, raises no presumption that there was either negligence, fault, or a duty to warn on the part of the manufacturer or seller of the shoes, in the absence of allegations of a representation that they were suitable for uses when wet on asphalt tile, or knowledge that the shoes were purchased for use when wet on asphalt tile.