(No. 5173—)

CHARLES DUBLE, SR., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 20, 1967.*

SEYMOUR R. GOLDGEHN and ARTHUR L. POLLMAN, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; KEVIN J. GILLOGLY, Special Assistant Attorney General for Respondent.

PEZMAN, J.

This is an action brought by claimant, Charles Duble, Sr., against respondent, State of Illinois, to recover damages for personal injuries, which claimant sustained on January 30, 1963, when he slipped and fell at the Illinois State License Bureau at 9901 South Park Avenue, Chicago, Illinois.

The facts concerning the happening of the accident appear to be as follows: Claimant, Charles Duble, Sr., on January 30, 1963 at approximately 9:30 A.M. went to the Illinois State License Bureau, which was located at 9901 South Park Avenue, Chicago, Illinois, for the purpose of purchasing license plates for his automobile. He parked his car in the north parking lot, and walked toward the east entrance of the building. Claimant entered the .building through the east entrance thereto, and proceeded to walk through a portion thereof. As he approached a checker station, where an employee of the Bureau checks license application forms, Mr. Duble slipped and fell to the floor, as a result of stepping in some water or a wet spot that had accumulated on the floor of the premises. As a result of the fall, claimant sustained injuries to his shoulder and neck areas, headaches, vertigo, and recurrent dizziness. Claimant's injuries required hospitalization resulting in hospital and doctor bills amounting to the sum of $816.20, and loss of earnings totaling the sum of $1,300.00.

The exact cause of the fall is the main point of dis-

pute in this case. It is claimant's theory that the State of Illinois carelessly and negligently allowed water or some other slippery foreign substance to be placed on or remain on the floor, and that respondent failed to warn or in any way indicate to persons entering the building that the floors were in a dangerous condition.

Respondent's theory of the case is that claimant slipped and fell upon the floor of the building on some water, which had formed by virtue of the melting of snow brought into said building upon the shoes of people entering the building, and that it had taken all necessary precautions to keep the premises in a safe condition. Evidence in this case clearly indicates that claimant, Charles Duble, Sr., was an invitee of the respondent when he entered the Illinois State License Bureau for the purpose of purchasing his 1963 State automobile license plates. It has been held that the test of whether one is an invitee on the premises of another is whether he is there by the owner's invitation to transact business in which the parties are mutually interested. If so, he is an invitee. *Ellguth* vs. *Blackstone Hotel,* 340 Ill. App. 587, 92 N.E. 2d 502 (1950). With respect to an invitor's duty to an invitee, it has been held that the owner of premises must use reasonable care and caution to keep the premises reasonably safe for the use of any invitee. *Geraghty* vs. *Burr Oak Lanes,* 5 Ill. 2d 153, 125 N.E. 2d 47 (1955). However, an invitor is not an insurer of the safety of his customers or other persons entering upon the premises by reason of his express or implied invitation. *Garrett* vs. *National Tea Company,* 2 Ill. 2d 567, 147 N.E. 2d 367 (1958). It has further been held that an invitee assumes all normal, obvious or ordinary risks attendant to the use of the premises. *Lindburgh* vs. *State of Illinois,* 22 C.C.R. 29 (1954); *Dargie* vs. *East*

*End Bolders Club,* 346 Ill. App. 480, 105 N.E. 2d 537 (1952).

Claimant testified that the weather was clear on the date in question. However, several other witnesses testified that it was snowing at the time claimant entered the building, or that it had snowed shortly before that time, and official weather reports, which were entered in evidence, substantiate their testimony. It was also shown that there was snow on the ground, which had previously fallen prior to the day in question. It has been held in a number of cases that, where the invitor has exercised ordinary or due care in maintenance of his premises, and an invitee is nevertheless injured thereon, the invitor may not be held liable for such injury. *Schnelzel* vs. *Kroger Grocery & Baking Co.,* 342 Ill. App. 501, 96 N.E. 2d 885 (1951); *Clark vs. Carson, Pirie, Scott & Company,* 340 Ill. App. 260; 91 N.E. 2d 452 (1950); *Hartman* vs. *Goldblatt Bros., Inc.,* 19 Ill. App. 2d 563, 154 N.E. 2d 872 (1959). Liability must be founded upon fault, and, where there is no evidence of negligence on the part of respondent, liability may not be imposed.

It is the opinion of this Court that claimant has failed to show by a preponderance of the evidence that respondent, State of Illinois, was negligent in maintaining the floors in the Illinois State License Bureau at 9901 South Park Avenue, Chicago, Illinois, on January 30, 1963.

It is common knowledge that, when it is snowing, and there is snow on the ground, people entering a building will necessarily carry some moisture on their feet, which will cause the floor inside the building to become damp and possibly more slippery than a dry floor.

The danger, if any, was or should have been apparent to claimant, and claimant was or should have been aware of the condition of the floor. There is no indication in the testimony in this case that the wet or damp condition of the floor was in any way concealed from claimant. Claimant's own testimony indicates that there was an employee of the respondent nearby with a mop and bucket at the time and place where claimant fell. Several of the witnesses indicated that they observed this employee mopping the floor of the building both before and after the accident. Claimant has failed to produce evidence that the wet or damp condition of the floor was due to any cause other than moisture brought into the building from outside on the shoes of persons entering the building prior to claimant's entry.

It is the opinion of this Court that the wet condition of the floor, which claimant alleges caused his fall, was the result of and due to the weather conditions existing at the time, and over which respondent had no control. It is the further opinion of this Court that respondent by delegating to one of its employees the task of mopping the floor exercised every reasonable precaution to keep the floor safe. Because of the wet condition of the floor caused by the weather conditions existing at the time, the possibility that claimant might slip and fall while passing over said floor was a normal, obvious and ordinary risk at the time in question, and claimant, as an invitee, assumed all such risks when he entered the building.

Claim is denied.