Thomas S. Mims *et al.*, Plaintiffs-Appellees, *v.* New York Life Insurance Company, Defendant-Appellant.

(No. 52807;

First District—June 3, 1971.

Ettelson, O'Hagan, Ehrlich & Frankel, of Chicago, for appellant.

Evins, Pincham, Fowlkes & Strayhorn, of Chicago, for appellees.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court on rehearing:

Plaintiffs, Marjorie and Thomas Mims, brought this action against their landlord, New York Life Insurance Company, for damages sustained when a certain fur coat and cash were taken from the premises leased by plaintiffs. After a trial without a jury, the court entered judgment in favor of plaintiffs. Defendant appeals, contending primarily that there was insufficient evidence adduced at trial to support the judgment. It also argues that the complaint failed to state a cause of action.

Plaintiffs, husband and wife, were tenants in a large apartment building owned by defendant, and were about to vacate their apartment at the termination of the lease term. Defendant's employees customarily inspected the apartment of each vacating tenant in order to determine whether the interior of the apartment had been damaged. Defendant through its supervisory personnel directed its head maintenance man to conduct such an inspection of plaintiffs' apartment. While usually defendant notified its tenants of such inspections so that the tenant would be present, plaintiffs were not notified of the inspection in question.

Mrs. Mims testified that on the date of the occurrence she left her apartment about noon in order to do some errands. Before she left, she noted that her fur coat and money were in the closet. As she left the apartment she tested the door to make sure that it was locked. When she returned at about 1:30 P.M. she noticed that the door to their apartment was open and that one of defendant's employees was in the apart-

ment. The employee informed her that he was making an inspection of the apartment. After the employee left, Mrs. Mims found that her coat was missing and that the money was gone. She immediately notified the police.

Defendant's employee testified that he had been in the Mims apartment for about ten minutes before Mrs. Mims returned. He had knocked on the apartment door, and when no one answered, he let himself in with the master key. He left the door open while he proceeded to inspect the entire apartment.

Defendant maintains that the court incorrectly entered judgment in favor of plaintiffs because they failed to prove that any negligent act of defendant was the proximate cause of the loss which occurred, and also that the loss could not have been foreseen by defendant.

■■ Liability is imposed when there is a loss suffered by the plaintiff, and said loss is a foreseeable and proximate result of a failure to perform a duty imposed by law upon the defendant. (*McClure v. Hoopeston Gas & Electric Co.* (1922), 303 Ill. 89, 135 N.E. 43; *Edwards v. Ely* (1943), 317 Ill.App. 599, 47 N.E.2d 344.) The law imposes a duty to exercise ordinary care to guard against injury which may naturally flow as a reasonably probable and foreseeable consequence of one's act, and the law is presumed to furnish a remedy for the redress of every wrong. *Kahn v. James Burton Co.* (1955), 5 Ill.2d 614, 126 N.E.2d 836.

That plaintiff suffered a loss is not questioned. The trier of facts determined that the act of defendant's employee in leaving the door to the apartment unlocked, open and unguarded while he made an inspection of the premises during plaintiffs' absence constituted a failure on the part of defendant to conform its conduct to the standard of duty imposed by law. We believe that determination to have been a permissible and proper finding. "Questions of breach of duty and proximate cause * * * are usually questions of fact." (*Lorang v. Heinz* (1969), 108 Ill.App.2d 451, 454, 248 N.E.2d 785. Accord: *Phillabaum v. Lake Erie and Western R. Co.* (1924), 315 Ill. 131, 145 N.E. 806.) We find that these were issues of fact which were reasonably and properly decided by the trial court, and should not be disturbed on review.

■■ Whether or not the loss was foreseeable by defendant was also a question of fact. Defendant urges that it cannot be liable for the loss resulting from crimes of independent third parties, arguing that it could not be charged with foreseeing the commission of a crime. (*Altepeter v. Virgil State Bank* (1952), 345 Ill.App. 585, 104 N.E.2d 334.) Although that is a statement of the general rule, in *Neering v. Illinois Central R.R. Co.* (1943), 383 Ill. 366, 50 N.E.2d 497, where plaintiff had been attacked by a group of vagrants at defendant's station, the court held that the

intervening act of a third person, even though a crime, did not necessarily relieve the author of an earlier negligent or wrongful act from responsibility when the intervening cause of an injury is of such a nature that it could reasonably have been anticipated. In the instant case, this court is unable to state as a matter of law that under the circumstances the trial court erred in determining that defendant's agent should have reasonably anticipated a theft from the apartment.

Defendant also contends that the complaint failed to state a cause of action on the theory that plaintiff failed to plead any specific acts of negligence.

■■ The purpose of a complaint, and the test of its sufficiency, is that it informs the defendant of a valid claim. (*Hall v. Gruesen* (1959), 22 Ill.App.2d 465, 161 N.E.2d 345.) In a complaint alleging a cause of action based on negligence, it is sufficient if the facts alleged are such as would raise the duty of defendant, show a breach of that duty, and a resulting injury to plaintiff. (*Fanning v. Lemay* (1966), 78 Ill.App.2d 166, 222 N.E.2d 815.) A cause of action need not be framed in any specific manner, may allege generally that defendant was negligent, and need not allege the specific facts constituting the negligence. (*Miller v. Kresge Co.* (1922), 306 Ill. 104, 137 N.E. 385; *Church v. Adler* (1953), 350 Ill.App. 471, 113 N.E.2d 327.) While negligence was generally alleged in the instant complaint, the complaint nevertheless was sufficient to inform defendant of a valid claim against it.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY and SCHWARTZ, JJ., concur.