DAVID P. McROBERTS, a Minor, by Richard McRoberts, his Father and Next Friend, Plaintiff-Appellant, *v.* DAVID MAXWELL *et al.,* Defendants.— (SPRINGFIELD PARK DISTRICT, Defendant-Appellee.)

Fourth District   No. 13203

Opinion filed August 12, 1976.

TRAPP, P. J., dissenting.

Howarth & Howarth, of Springfield (John E. Howarth, of counsel), for appellant.

Gillespie, Burke & Gillespie and J. H. Weiner, both of Springfield (Robert E. Gillespie, of counsel), for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

The plaintiff filed a complaint (which was later amended) alleging that, while engaged in playing the game of golf at a golf course owned and operated by the defendant Springfield Park District, the plaintiff was injured when struck by a golf ball which had been hit by the defendant David Maxwell. Plaintiff's count I against the defendant Maxwell is not before us on this appeal. Plaintiff's count II asserted an action upon an

ordinary negligence theory as the basis for recovery from the defendant park district. Plaintiff's count III asserted an action for wilful and wanton misconduct as the basis for recovery from the defendant park district.

Upon motion by the defendant park district, counts II and III were dismissed for failure to state causes of action. The trial court made a finding pursuant to Supreme Court Rule 304 that there was no just reason to delay enforcement or appeal of the order of dismissal. The plaintiff appeals from the dismissal of counts II and III.

■■ Whether to dismiss a complaint alleging negligence for failure to state a cause of action is governed by certain well-established principles. "A complaint for negligence must set out: the existence of a duty owed by the defendant to the plaintiff, a breach of that duty and an injury proximately resulting from the breach." (*Cunis v. Brennan*, 56 Ill. 2d 372, 374, 308 N.E.2d 617, 618.) "No pleading is bad in substance, which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet." (Ill. Rev. Stat. 1973, ch. 110, par. 42(2).) "[A] cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle the plaintiff to recover." (*Edgar County Bank and Trust Co. v. Paris Hospital, Inc.*, 57 Ill. 2d 298, 305, 312 N.E.2d 259, 262.) Guided by these principles, we have concluded that counts II and III are sufficient to state causes of action and should not have been dismissed. We shall reverse.

■■ Count II of the amended complaint alleged an action based upon an ordinary negligence theory. First, the plaintiff set forth facts which establish the existence of a duty of ordinary care owed by the park district to the plaintiff. The complaint alleged that the plaintiff was lawfully engaged in playing golf at the course owned and operated by the defendant district. The reasonable care, or ordinary care, standard accurately describes the duty owed by the defendant park district to the plaintiff. "[O]ne operating a golf course or engaging in the game of golf is under the ordinary duty of exercising reasonable care for the safety of others, that is, care commensurate with the circumstances of the situation." (82 A.L.R.2d 1183, 1185 (1962).) Second, the plaintiff alleged the breach of that duty by the park district. As examples, the complaint alleged that the defendant park district had maintained and operated the golf course in such manner that it violated the well-recognized architectural rules for the construction of golf courses; that the park district allowed the course to become overcrowded; that the park district failed to provide adequate supervision for the protection of its patrons; and that the park district failed to enforce its regulations. Third, the plaintiff alleged that an injury proximately resulted from the park

district's breach of its duty. The plaintiff alleged that he was struck in the face by the golf ball, and he set out the details of his injury.

■■ ■ Count III of the complaint alleged an action based upon a theory of wilful and wanton misconduct. Wilful and wanton misconduct is an aggravated form of negligence. (Prosser, Law of Torts 184 (4th ed. 1971).) It has been defined as an act done with disregard to a risk so obvious that the actor must be taken to have been aware of it and so great as to make it highly probable that harm would follow (Prosser, Law of Torts 185 (4th ed. 1971).) In *Hocking v. Rehnquist*, 44 Ill. 2d 196, 201, 254 N.E.2d 515, 518, wilful and wanton misconduct was defined as an act "committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness, or carelessness when it could have been discovered by the exercise of ordinary care." Count III set forth allegations to the effect that the defendant park district did know, or should have known, of the risk of danger to its patron golfers and that the risk of injury to such golfers was highly probable. The amended complaint alleged that the park district maintained and operated the third fairway of the golf course in such a manner that there was undue hazard to the plaintiff which was, or should have been, apparent to the park district.

The defendant park district places primary reliance upon *Campion v. Chicago Landscape Co.*, 295 Ill. App. 225, 14 N.E.2d 879, in support of the dismissal of counts II and III of the amended complaint for failure to state causes of action. However, *Campion* should be distinguished from the instant case. In *Campion*, a golfer was struck and injured by a golf ball that had been hit by a fellow golfer at the golf course operated by the defendant Chicago Landscape Company. The injured golfer sued the operator of the course on a negligence theory. A jury trial was held, and a verdict for the plaintiff golfer was returned. The defendant operator had sought a directed verdict at the close of the plaintiff's case and again at the close of all of the evidence, and the trial court denied both motions for a directed verdict. On appeal, the appellate court reversed on the basis that a directed verdict should have been entered for the defendant operator because the pleadings *and evidence* failed to show that the operator was guilty of any negligence proximately causing injury to the plaintiff golfer. *Campion* did not involve a motion for dismissal of the complaint as we have here and, therefore, does not hold that it is not possible to state a cause of action for negligence against the operator of a golf course when a patron golfer is injured by a golf ball hit by a fellow golfer. The appellate court in *Campion* reviewed the evidence, but we have none here. *Campion* is not on point.

Although we do not view the plaintiff's allegations in counts II and III to constitute model pleading and although we do not necessarily find each allegation of counts II and III to be proper, we have concluded that there are sufficient allegations to set forth the elements of ordinary negligence and wilful and wanton misconduct, respectively. The defendant park district clearly has been informed with reasonable precision of the nature of the claims against it. If the park district feels that it has not been adequately advised of the claims against it, the park district can seek additional information through a motion to make more definite and certain, a bill of particulars, and/or discovery (*Fanning v. Lemay*, 78 Ill. App. 2d 166, 222 N.E.2d 815, *rev'd on other grounds*, 38 Ill. 2d 209, 230 N.E.2d 182).

Accordingly, the judgment of dismissal of counts II and III is reversed, and the cause is remanded to the circuit court for further proceedings not inconsistent with the views expressed herein.

Judgment reversed and cause remanded.

CRAVEN, J., concurs.

Mr. PRESIDING JUSTICE TRAPP, dissenting:
I would affirm the order of the trial court.

The existence of a duty owed by defendant is a question of law to be determined by the court. *Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 328 N.E.2d 538; *Barnes v. Washington* (1973), 56 Ill. 2d 22, 305 N.E.2d 535.

In *Campion v. Chicago Landscape Co.* (1938), 295 Ill. App. 225, 14 N.E.2d 879, it was held that the trial court should have directed a verdict for the defendant for the reason that it was not negligence *per se* to have narrow fairways, or fairways in near proximity without separation by trees, or rough or otherwise guarded despite expert testimony purporting to show such duty. The test of liability in operating a golf course was determined to be whether the condition of such course operated by defendant unreasonably subjected the players to hazards over and above those commonly inherent in the game of golf. We have found no modification of this standard or test. See *Annot.* 82 A.L.R.2d 1183, 1187 (1962 and 1976 Supp. to A.L.R.2d Later Case Service).

In the context of physical conditions comparable to that shown in *Campion*, the complaint charged in various ways that defendant negligently operated a "unique and hazardous golf course." Such allegation is a characterization to which no witness would be permitted to testify. In the context of duty, or breach of duty, we find no allegation of

fact demonstrating that the course was unique or hazardous. At best, the allegation is the imposition of the imaginative imagery of the pleader upon the trial court.

In affirming dismissal of the complaint, the court, in *Fanning v. LeMay* (1967), 38 Ill. 2d 209, 230 N.E.2d 182, stated that a complaint which fails to allege facts the existence of which is necessary to enable a party to recover does not state a cause of action, and the deficiency cannot be remedied by liberal construction or argument. See also *Whitmer v. Schneble* (1975), 29 Ill. App. 3d 659, 331 N.E.2d 115.

In *Van Dekerkhov v. City of Herrin* (1972), 51 Ill. 2d 374, 282 N.E.2d 723, the court affirmed the dismissal of a complaint under the Structural Work Act which simply alleged that defendant "had charge of" certain work for the reason that the allegation was a conclusion. That opinion noted that an allegation that a defendant "negligently" performed an act was a conclusion, and that the complaint was subject to dismissal, citing *Richardson v. Eichhorn* (1958), 18 Ill. App. 2d 273, 151 N.E.2d 819.

Comparable allegations of operating a golf course where there was "undue hazard," and charging failure to warn of hidden dangers contained no allegation of fact which supports a determination that such hazards or dangers were, in fact, present.

We have not undertaken to set forth each of some 13 charges of negligence, but conclude that each encompasses the same absence of factual allegation sufficient to show a duty, or a breach of duty. The trial court properly dismissed the counts at issue.