**Edward Wolf, Minor, by Samuel Wolf, His Father and Next Friend, Appellant, v. Adam Budzyn, Appellee.**

**Gen. No. 40,597.**

Heard in the second division of this court for the first district at the February term, 1939. Opinion filed May 28, 1940. Rehearing denied and opinion slightly modified June 12, 1940.

JOHN A. BLOOMINGSTON, of Chicago, for appellant.

CASSELS, POTTER & BENTLEY, of Chicago, for appellee; RALPH F. POTTER, L. H. VOGEL and ANTHONY S. RAS, all of Chicago, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

An action on the case for personal injuries sustained by Edward Wolf, a minor, who was seriously injured in the accident in question. A jury returned a verdict of not guilty, upon which the court entered judgment. Plaintiff appeals.

The complaint consisted of five counts. Counts three, four and five were withdrawn. The first count charges that on August 16, 1932, defendant was driving his motor vehicle north on Damen avenue and plaintiff was driving south on Damen avenue; that plaintiff was exercising due care; that defendant carelessly, negligently and unskilfully drove and operated his said motor vehicle so that it collided with the motor vehicle driven by plaintiff, and the latter was injured. The second count charges that at the time and place in question defendant, wholly disregarding his duty, carelessly, negligently and unskilfully drove and operated his said motor vehicle so that the same was thereby driven upon the wrong side of the public highway, that is, the left

side of the center of the public highway, and that he thereby collided with the motor vehicle driven by plaintiff, while the latter was in the exercise of due care. The complaint was amended at the trial so as to change the directions in which the motor vehicles were going at the time of the accident. Defendant filed the plea of the general issue and also a plea of nonoperation and control. The latter plea was withdrawn.

Plaintiff strenuously contends that the manifest weight of the evidence is in his favor. While this contention is not without some force, we do not deem it necessary to pass upon the same, in view of our ruling as to plaintiff's second contention. There was, to say the least, a sharp conflict in the evidence.

Plaintiff contends that the court erred in refusing to give the following instruction offered by plaintiff: "The jury are instructed that if you find from the evidence in this case that the plaintiff at the time of his injury, if any, was under the age of twenty-one years, then and in such an event you are instructed that the degree of care required of him was such care as a boy of his age, intelligence, capacity and experience would exercise under the same or similar circumstances." Plaintiff complains of the following instructions given at the instance of defendant: Defendant's seventh instruction instructed the jury that the burden was upon plaintiff to prove by a preponderance of the evidence "that he, the plaintiff, was in the exercise of ordinary care for his own safety at the time of and just before the accident in question." Defendant's ninth instruction reads as follows: "Before the plaintiff can recover in this case it must appear by a preponderance of all of the evidence that he was in the exercise of ordinary care for his own safety at the time of and immediately preceding the collision here in question; and if you believe from the evidence that the plaintiff was in any way negligent and that such negligence contributed in any degree to the accident which caused his injuries,

the plaintiff cannot recover in this case." The tenth instruction directs a verdict unless plaintiff has proven by a preponderance of the evidence each and all of three propositions: "1. . . . 2. That immediately before and at the time of the accident the plaintiff was in the exercise of ordinary care for his own safety. 3. . . . "

Plaintiff, at the time of the accident, was under eighteen years of age. He was going to school, and sometimes helped his father by driving a truck. The trial court, in acting upon the foregoing instructions, adopted the theory of law advanced by defendant that when a child has attained the age of fourteen years he is required to exercise the same degree of care for his own safety as is required of an adult. This theory of law runs counter to the settled law of this State, which is that a minor over the age of seven years is required to exercise that degree of care that a boy of his age, intelligence, capacity and experience would exercise under the same or similar circumstances. Defendant admits that it can cite no Illinois case that passed upon any similar instructions to those in question and sustained defendant's position. The records of the Supreme Court and this court contain many cases in which instructions bearing upon the care required of minors were before the courts. Many distinguished lawyers. have represented defendants in personal injury cases in which minors were involved, but never until very recently has the contention now raised by defendant been urged or suggested. Defendant cites *Maskaliunas v. Chicago & W. I. R. Co.*, 318 Ill. 142, in support of his contention, and it is apparent that certain language in that case inspired defendant's theory of the law. In the *Maskaliunas* case the minor was seven years and ten months old at the time of the accident. The court held (p. 150) that between the ages of seven and fourteen "the question of culpability of the child is an open question of fact and must be left

to the jury to determine, taking into consideration the age, capacity, intelligence and experience of the child."

In its opinion the court states (pp. 149, 150): "We have also held that when a child has attained the age of fourteen years there is no reason to excuse him from the same degree of care for his own safety which is required of an adult . . . and that in the case of a child above the age of fourteen years the same rule shall be applied to him in that regard as is applied to adults, his intelligence and experience being considered." As the child in that case was under eight years of age the statement as to the degree of care that is required of a child over fourteen years of age was pure dictum, and it will be noted that the last part of the dictum is inconsistent with the first part. The court, in the *Maskaliunas* case, was not called upon to pass upon an instruction bearing upon the care that should be exercised by a minor. However, the contention raised by defendant was also raised in the recent case of *Cicero State Bank v. Dolese & Shepard Co.,* 298 Ill. App. 290 (not cited by either counsel). There the minor, over fourteen years of age, was drowned on the premises of defendant. The trial court, at the instance of plaintiff, gave to the jury the following instruction: "The Court instructs the jury that wherever it is said by these instructions that the deceased herself must have been exercising ordinary care for her own safety before she can recover, the Court means that the plaintiff must have been exercising such degree of care that an ordinarily prudent girl of plaintiff's age, experience, intelligence and capacity would have exercised under the same or similar circumstances." There was a verdict for plaintiff, and upon appeal to this court the defendant complained of the giving of this instruction and argued that the *Maskaliunas* case "lays down the doctrine that when a child is fourteen years or over, the principle of contributory negligence applies the same as it does in the case of an adult." In its

opinion the First Division of the court stated (pp. 297, 298) : "Defendant says that the factors of 'experience, intelligence and capacity' should not be considered in connection with a person over the age of 14. In *Hughes v. Medendorp*, 294 Ill. App. 424, it was held that the absence of these factors in an instruction was erroneous. In *Peterson v. Chicago Consol. Traction Co.*, 231 Ill. 324, the plaintiff was between 14 and 15 years of age; he was injured by defendant, and the court gave the jury an instruction substantially the same as the one under consideration. The Supreme Court affirmed the judgment of the lower court. The court committed no reversible error in regard to the instruction." The Supreme Court refused an appeal in the case (see ib. xiv). We find no merit in defendant's position, and we hold that the trial court committed reversible error in refusing to give plaintiff's instruction and in giving defendant's instructions seven, nine and ten.

Defendant contends that the instruction tendered by plaintiff was not proper under the pleadings, and that the instructions tendered by defendant were proper under the pleadings. The point made is that the allegation of due care on plaintiff's part was that "he was in the exercise of all due care and caution for his own safety," and that the complaint contained no allegation that plaintiff was a minor at the time of the occurrence; that the complaint "did not tender the issue of incapacity, want of intelligence or experience on the part of the plaintiff and the plaintiff could not inject this element into the case for the first time by instruction to the jury." This contention is in the nature of a claim of variance, and the question of variance was not raised by defendant. The suit was brought by "Edward Wolf, a minor, by Samuel Wolf, his father and next friend," and the evidence showed that the minor, a school boy, was under 18 years of age at the time of the accident. The record shows that both parties tried the case as a suit by a minor. Defendant

understood the nature of the claim he was called upon to meet. The point now made was not raised at any time during the trial. Had it been raised, plaintiff could have readily amended the complaint if his counsel deemed it necessary to do so. From an examination of the proceedings we are inclined to believe that defendant's instant contention is a mere afterthought.

The judgment of the superior court of Cook county is reversed and the cause is remanded for a new trial.

*Judgment reversed and cause remanded for a new trial.*

SULLIVAN, P. J., and FRIEND, J., concur.