(No. 474█

Leslie G. Morris, Claimant, vs. State of Illinois, Respondent.

*Opinion filed May 12, 1959.*

Lansden and Lansden, Attorneys for Claimant.

Latham Castle, Attorney General; C. Arthur Nebel, Assistant Attorney General, for Respondent.

Tolson, C. J.

Claimant, Leslie G. Morris, filed his complaint on November 14, 1957 seeking damages for the loss of his right ring finger, while an inmate of the Illinois State Penitentiary, Menard, Illinois.

Claimant was assigned to the woodworking shop, and was engaged in making an officer's club on a machine known as a jointer. In pushing the wood through the machine, his hand slipped into the blades, and he suffered a traumatic amputation of the tip of his right fourth finger.

This machine has three cutting blades that revolve at a high speed, and, on the date in question, was not equipped with a safety device for the protection of the operator. It appears from the evidence that the machine

at one time had a safety device, which would have prevented the operator from coming into contact with the blades, but for some reason it had been removed.

We have previously held that a convict can maintain an action in this Court, while in such a status.

*McElyea* vs. *State of Illinois*, 7 C.C.R. 69
*Moore* vs. *State of Illinois*, 21 C.C.R. 282

This Court has also held that a convict is not an employee of the State within the meaning of the Workmen's Compensation Act, *Tiller* vs. *State of Illinois*, 4 C.C.R. 243; nor can he maintain an action for a violation of the Health and Safety Act, *Moore* vs. *State of Illinois*, 21 C.C.R. 282.

However, if it appears from the evidence that claimant was assigned to work under unsafe conditions, was not guilty of contributory negligence, and was injured, respondent would be guilty of negligence.

This Court made reference to the Health and Safety Act in the case of *Moore* vs. *State of Illinois*, and suggested that, if the Health and Safety Act required hoppers on a food grinder, this was an express recognition by the State that food grinders should be equipped with hoppers to render them safe.

The Health and Safety Act makes specific mention of jointers or buzz planers, and requires that all exposed parts of the cutting head shall be guarded. It is difficult for this Court to justify two standards of conduct by the State, one for workers outside prison walls and another for inmates.

The Court, therefore, finds that respondent was negligent in not providing safe equipment, and that claimant was free from contributory negligence.

An award is, therefore, made to claimant in the amount of $1,500.00.