(No. 5014-)

WILLIAM HOSKINS, A Minor, By his Father and Next Friend, EDDIE HOSKINS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1965.*

EDWARD I. ROSEN, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; EDWARD A. WARMAN, Assistant Attorney General, for Respondent.

PEZMAN, J.

Claimant, William Hoskins, by his father and next friend, seeks to recover from the State of Illinois the sum of $25,000.00 for personal injuries allegedly sustained as a result of respondent's negligence, whereby claimant was severely and permanently injured.

William Hoskins, on June 20, 1960, was fifteen years of age, and an inmate of the Illinois State Training School for Boys, St. Charles, Illinois. On that particular date, he had been assigned to work in the cannery, which was part of the school, and was under the supervision of William Dawson, an employee of respondent.

On June 20, 1960, claimant was operating a vegetable washing machine, and at the end of the working day, while attempting to clean the machine in question, his left hand was caught in the chain and sprocket, which powered the washing barrel, causing severe injuries to claimant's hand. Claimant received treatment at the institution hospital, and approximately four days later was taken to the Illinois Research Hospital in Chicago, Illinois, where he remained over night for additional treatment. It appears that he was disabled for approximately a month. Thereafter he returned to work at the cannery doing a similar type of task to that which he had been doing before the accident. Testimony reveals that claimant had an "L" shaped scar on the back of his left hand, approximately ½" to 1" wide and 4 inches in length, and suffers some stiffness of the hand on occasion.

Claimant's action for recovery is based upon certain alleged acts of negligence on the part of respondent, more particularly set forth as follows:

(a) Negligently and carelessly failed to properly instruct claimant in the full proper usage of the washing machine;

(b) Negligently and carelessly failed through its employee to properly supervise and direct, or to supervise and direct at all the cleaning operation of said machine being performed by claimant;

(c) Negligently and carelessly, and with the specific knowledge and direction of its employee, permitted the cleaning of said washing machine while still in the operation, so as to hasten the cleaning operation and enable the employee and staff to leave.

Respondent does not dispute the facts related in claimant's brief, nor does respondent offer any particular evidence to rebut the allegations on the part of claimant that it was negligent. The entire defense of respondent is based upon its contention that claimant has clearly not sustained his burden of being free of contributory negligence.

This Court finds that the issue in this cause can be simply stated as whether or not claimant has proven that the injuries he sustained were the direct and proximate result of a negligent act or omission on the part of respondent, and that claimant himself must be proven to be free from contributory negligence. Claimant alleges that William Hoskins was a minor of the age of fifteen years at the time of the occurrence complained of, and was only chargeable with that degree of due care and caution properly to be expected from one of his age, intelligence, and experience. The law in Illinois is quite clear as to the accountability of children for contributory negligence. Our State follows the common law rule that a child under the age of seven years is conclusively presumed not to be responsible for his acts. (*Moser* vs. *East St. Louis and I. W. Company*, 325 Ill. App. 543, 546, 62 N.E. 2d 558, 560; *Wolczek* vs. *Public Service Company*, 342 Ill. 482, 493, 174 N.E. 577, 582.) The degree of care to be exercised by a minor over the age of seven years is that which a reasonably careful person of the same age, capacity, and experience would exercise under the same or similar circumstances. (*Wolf* vs. *Budzyn*, 305 Ill. App. 603,

605, 27 N.E. 2d 571, 572; *Wolczek* vs. *Public Service Company*, 342 Ill. 482, 497, 174 N.E. 577, 583.) Duties delegated or tasks assigned to a minor of tender age should be carefully guarded. A minor's activities must be carefully planned and supervised in order to assure that his activities are commensurate with his ability to comprehend and absorb, and to protect himself from injury. Disregard for these precautions should not be treated lightly. However, some liberalities should be applied as the minor progresses toward adulthood, for we can assume that, through his environment and everyday experience, some knowledge has been gained. A young man at the age of fifteen has come to know fear, danger, hurt, and subsequent pain. Claimant, by reason of his association with other machine operators, and by the fact that he personally operated this machine and other machines on various occasions, must have gained certain skills and knowledge with relation thereto. During the six week period prior to the injury on June 20, 1960, claimant must have had the experience of seeing all of the machines turned off and on at various times, and the dangers of working on these machines while operating must have been present in his mind. Claimant admitted, during the taking of the deposition under oath, that he had forgotten to turn the machine off.

On the other hand, the facts, as presented by claimant, clearly indicate that at the time of the accident on June 20, 1960 the Illinois State Training School for Boys needed an adequate training and supervision program in regard to the operating mechanism of the machinery in use at the cannery. The State cannot escape its duty to an individual merely because he or she is an inmate of an institution. This Court has held on numerous occasions that the State must meet the same standards of care and safety as are required of private industry.

From the record in this cause, we find that claimant was injured while in the course of his employment, and as an inmate in the Illinois State Training School for Boys at St. Charles. We further find that the injury was sustained while claimant was operating a machine without proper and adequate supervision and training, and that, as a direct result of these negligent acts or omissions, an injury was sustained by claimant. To sustain an award, claimant must sustain the burden of proving that respondent was guilty of negligence, and that he, claimant, was free from contributory negligence. (*Harold E. Moe* vs. *State of Illinois,* 23 C.C.R. 14.) We further find that claimant has failed to sustain the burden of proving that he was free from contributory negligence. The evidence discloses that claimant was familiar with the machine, its method of operation, and the fact that it was to have been turned off before it was cleaned. Claimant admitted that he forgot to turn it off. The age of claimant was not that of a person totally unable to comprehend the dangers about him, as he did his daily task. The mere fact of his age of fifteen would not be sufficient to purge him of the duty imposed by law to be free of contributory negligence.

Petition of claimant is denied.