351

(No. 5251— )

LESTER SIMMONS, a Minor, by LIZZIE WHITLEY, his Mother and Next Friend, and LIZZIE WHITLEY, Individually, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 28, 1968.*

BARISH AND McHUGH, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; MORTON L. ZASLAVSKY and SHELDON RACHMAN, Assistant Attorneys General, for Respondent.

PEZMAN, J.

This is a cause of action brought by claimants against respondent, State of Illinois, for injuries suffered by one Lester Simmons, a Minor, while high jumping at the Fort Massac State Boys' Camp at Metropolis, Illinois. Lester Simmons who was seventeen years old at the time of the accident was a ward of the Chairman, Illinois Youth Commission, and was sent to the Fort Massac State Boys' Camp in April, 1965.

An average day for the boys at the camp consisted of a work detail, lunch, more work detail, and evening meal about 5:00 P.M. After the evening meal the boys were free to pursue whatever recreational activities they

desired so long as they remained within the limits of the camp. One of the recreational facilities at the camp was a high jump area. The high jump consisted of two standards with a bamboo crossbar and a landing area. The landing area was composed of 25 or 30 burlap bags filled with sawdust and woodchips. The bags were placed in a square formation, and lapped to provide a landing area for the jumpers.

On May 18, 1965, at about 7:00 P.M., claimant, Lester Simmons, went to the high jump area, where he and several other boys engaged in high jumping. Franklin D. Williams, Illinois Youth Commission Counselor, and Lawrence Quint, a Supervisor at the camp, were near the high jump area, and watching the boys high jumping. On his third jump Lester Simmons injured his leg. Subsequent x-rays revealed a fractured tibia and fibula of the right leg.

Claimant testified that there was a space between the bags comprising the landing area, and that, when he landed after his third jump, his foot slipped between two bags causing him to fall and break his leg.

The high jump area had been constructed by Ronald Upchurch, Recreation Co-ordinator for the Illinois Youth Commission of the State of Illinois. Mr. Upchurch testified that he had jumped in the high jump area, and found the sawdust bags to be a decent landing place. Franklin Williams, a Counselor, testified that he had jumped the high jump also, and found that the bags were neither too soft nor too hard.

Subject to the objection of respondent, a portion of the Handbook of the Amateur Athletic Union of the United States setting forth specifications for landing

areas for a high jump, and a copy of a portion of the National Federation of State High Schools Athletic Associations' specifications for a landing pit for a high jump were admitted into evidence. Ronald Upchurch testified that the Illinois Youth Commission was not bound to follow the recommendations of the Amateur Athletic Union or the National Federation of State High Schools Athletic Associations because the Commission was not a member of either organization.

Joshua Johnson, Administrative Assistant to the Chairman of the Illinois Youth Commission and Superintendent of Forestry Camps, was called as an expert witness by respondent. Johnson's qualifications included long experience in professional baseball, semi-professional football and basketball. He testified that the Illinois Youth Commission was free to make its own rules, and set its own standards regarding the construction of athletic facilities. Johnson also testified that the high jump landing area constructed by Ronald Upchurch was reasonably safe.

At the time of the accident claimant, Lester Simmons, was five feet eleven inches tall and weighed 215 pounds. Arthur Benner who had charge of the camp at the time of the accident testified that two days before the accident he advised claimant not to jump. He testified he told claimant he was too heavy for high jumping, and that claimant was liable to break a leg.. He testified that claimant replied that he hoped to break a leg so that he could sue the State and get some money, and not have to work for it. Claimant denied having made such a statement. Lawrence Quint, an employee of the camp, testified that he also had told the claimant he was too heavy for high jumping.

At the time of the accident no employee of the camp was directing the high jumping. Quint and Williams were nearby, but their purpose was to insure discipline rather than direction of the high jumping.

Claimant contends that respondent was negligent in constructing the landing area for the high jump, and that he was permanently injured as a result of respondent's negligence. He further testified that he was unable to work because of the pain he experienced as a result of the injury.

The law in the State of Illinois is clear that, in order for a claimant in a tort action to recover damages against the State of Illinois, he must prove that the State of Illinois was negligent, that such negligence was the proximate cause of the injury, and that claimant was in the exercise of due care and caution for his own safety. *McNary* vs. *State of Illinois,* 22 C.C.R. 328, 334; *Bloom* vs. *State of Illinois,* 22 C.C.R. 582, 585. Respondent owed claimant a duty of ordinary care; such care as a reasonably prudent man would exercise under like circumstances. Under the facts of this case, respondent owned claimant the duty of providing reasonably safe high jump facilities.

Ronald Upchurch testified that the landing area for the high jump was reasonably safe. His opinion was supported by the testimony of Joshua Johnson, a well qualified expert in athletics. It is the opinion of this Court that the testimony of Upchurch and Johnson deserve considerable weight.

The evidence indicates that claimant was warned by both Arthur Benner and Lawrence Quint that he was too heavy to engage in high jumping. Claimant chose to disregard the warnings and was subsequently

injured. It is the opinion of this Court that respondent exercised such care as a reasonable and prudent man would exercise in like circumstances. Claimant has failed to sustain his burden of proof that respondent was negligent in constructing the high jump landing area.

It is the further opinion of this Court that, if it conceded for the sake of argument that respondent did not exercise the required degree of care, the evidence shows that claimant was not in the exercise of due care and caution for his own safety at the time of the accident. Illinois law requires a minor over the age of seven years to exercise that degree of care, which a reasonably careful person of the same age, capacity, intelligence and experience would exercise under the same or similar circumstances. *Wolf* vs. *Budzyn,* 305 Ill. App. 603; *Hartnett* vs. *Boston Store of Chicago,* 265 Ill. 331.

Claimant testified that he jumped twice just before the jump, which resulted in his injury. If so, he must have had knowledge, or should have known the condition of the high jump landing area. If there were spaces between the bags as claimant contends, he should have been aware of that fact, and the possible consequences of jumping into such an area. Claimant was not required to high jump. He was participating in a volunteer recreational program, and did so of his own free choice.

It is the opinion of this Court that claimant, in attempting to high jump for the third time after having observed the condition of the landing area and after having been warned not to jump, was not exercising that degree of due care and caution, which a reasonably prudent person of the same age, capacity, intelligence and

experience would exercise under the same or similar circumstances.

The claim is denied.