(No. 5268—

RAY ALM and DONALD ALM, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 10, 1968.*

ROBERT E. KENNY, JR., Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; MORTON L. ZASLAVSKY and ETTA COLE, Assistant Attorneys General, for Respondent.

DOVE, J.

This is a cause of action brought by the Claimants against the Respondent, State of Illinois, for injuries suffered by Claimant, Donald Alm, a minor, while riding his bicycle along a three foot median strip dividing 95th Street in Cook County, Illinois.

The three cyclists had left the Evergreen Shopping Plaza, located on the south side of 95th Street and Western Avenue (2400 West), destined for the Branding Iron Restaurant, located on the north side of 95th Street, approximately one block west of Crawford Avenue (4000 West). Until they reached Crawford Avenue, the boys rode their bicycles on the sidewalk near the south curb of 95th Street. West of Crawford Avenue there are no sidewalks along 95th Street. After crossing Crawford Avenue, the three boys rode along the south curb of 95th Street, facing eastbound traffic, in a single file, with Donald Alm riding first, Terry Ellis riding second, and James Anderson riding third.

At a point approximately one-half block west of Crawford Avenue, when eastbound traffic was light and westbound traffic was stopped for the traffic light at Crawford Avenue, Donald Alm began to cross 95th Street in a northwesterly direction destined for the north curb of 95th Street, with Terry Ellis following. Upon reaching the center strip or median, the westbound traffic was released by the traffic light at Crawford Avenue and, since Donald Alm was unable to cross the westbound lanes of traffic, he continued westbound along the median strip with Terry Ellis following. After riding from 50 to 70 feet along the median strip, Donald Alm's bicycle struck an unmarked hole approximately three inches deep and two feet long, which caused him to be thrown immediately in front of an oncoming eastbound car, which collided with and traveled over the Claimant.

Albert Miller, a police officer of the Village of Oaklawn, arrived at the scene of the accident one or two minutes after the accident happened. He testified that the hole in the median strip was two feet wide, two feet long, and about three inches deep. He further stated

that to his knowledge the hole existed for several weeks prior to the accident. Donald Alm, the Claimant, testified that just prior to the accident his bicycle was traveling at about 10 miles per hour. He further stated that he did not see the hole in the median strip before he struck it.

As a result of said accident, Donald Alm was rendered unconscious, suffered a cerebral concussion, and multiple contusions and abrasions of the body, severe fracture of one tooth and loosening of two teeth, and severe transverse fracture of left hip and pelvis just below the greater trochanter, requiring open reduction and insertion of four Knowles pins. Claimant was placed in a full body cast until September 4, 1965, at which time he was discharged from the hospital. Claimant was readmitted to the hospital on June 5, 1966, for seven days for removal of the Knowles pins.

On July 1, 1966, Dr. John F. Gleason examined Donald Alm, and found him to have a limp caused by shortening of the left leg, narrowing of the left thigh and calf, loss of knee flexion, loss of hip flexion, abduction and internal rotation, and a 10 1/2 by 1/4-inch scar on his left thigh.

Medical expenses incurred by Raymond Alm on behalf of Donald Alm amounted to $3,506.89, and the estimated cost of future dental treatment will amount to $225.00.

Claimant contends that the Respondent was negligent in permitting and allowing the hole in question to remain in the median strip, and that such negligence was the proximate cause of the injuries to Donald Alm.

The law in the State of Illinois is clear that, in order for a Claimant in a tort action to recover damages against the State of Illinois, said Claimant must prove

that the State of Illinois was negligent, that such negligence was the proximate cause of the injury, and that Claimant was in the exercise of due care and caution for his own safety. *McNary vs. State of Illinois, 22 Ill.Ct.Cl. 328, 334; Bloom vs. State of Illinois, 22 Ill.Ct.Cl. 582, 585.*

The State of Illinois is not an absolute insurer of every accident that occurs on its public highways. *Gray, Et Al., vs. State of Illinois, 21 Ill.Ct.Cl. 521; Riggins vs. State of Illinois, 21 Ill.Ct.Cl. 434; Terracino vs. State of Illinois, 21 Ill.Ct.Cl. 177.*

The first question to be determined is whether the Claimant, Donald Alm, a minor, was, at the time of the accident in question, in the exercise of due care and caution for his own safety.

In the case of *Fahrney vs. O'Donnell, 107 Ill.App. 608,* the Court held as follows:

A bicycle is a vehicle subject to the rules of law governing other vehicles using the public highway, and its rider is required to use the same degree of care to avoid the accident as the driver of any other vehicle.

*Ill.Rev.Stat., Ch. 95 1/2, §121,* provides as follows:

Every person riding a bicycle or an animal or driving any animal drawing a vehicle upon a roadway shall be subject to the provisions of this act applicable to the driver of a vehicle, except those provisions of this act which by their nature can have no application.

*Ill.Rev.Stat., Ch. 95 1/2, §156,* provides as follows:

Whenever any highway has been divided into two roadways by leaving an intervening space or by a physical barrier or a clearly indicated dividing section so constructed as to impede vehicular traffic, every vehicle shall be driven only upon the right-hand roadway, and no vehicle shall be driven over, across or within any such dividing space, barrier, or section, except through an opening in such physical barrier or dividing section, or space or any crossover or intersection established by public authority.

It appears from the evidence in this case that the Claimant, Donald Alm, drove his bicycle on the left-hand roadway of 95th Street for approximately one-half block before crossing the left-hand roadway to the me-

dian strip. When Claimant was unable to proceed across the north half or right-hand roadway of 95th Street because of westbound traffic, he proceeded west on his bicycle along and over the median strip to the point of the accident. *Ill.Rev.Stat., Ch. 95 1/2, §156,* above set forth prohibits both the driving of a vehicle on the left-hand roadway and the driving over or upon the median strip.

It is the Illinois rule of law that the violation of an ordinance or statute such as *Ill.Rev.Stat., Ch. 95 1/2, §156,* is prima facie evidence of negligence. *Miller vs. Burch, 254 Ill.App. 387.*

With regard to contributory negligence on the part of a minor, Illinois law requires a minor over the age of seven years to exercise that degree of care which a reasonably careful person of the same age, capacity, intelligence and experience would have exercised under the same or similar circumstances. *Wolf vs. Budzyn, 305 Ill.App. 603; Hartnett v. Boston Store, 265 Ill. 331.* The evidence in this case indicates no reason or condition justifying Claimant's violation by driving his bicycle on the left-hand roadway, and then along the median strip dividing 95th Street. It appears to the Court that the Claimant had several alternatives to avoid violation of the statute. Claimant could have crossed to the north curb of 95th Street. Instead Claimant chose to proceed along the left-hand roadway in violation of the statute. When Claimant reached the median strip and saw that he could not proceed to the north curb of 95th Street because of the westbound traffic, Claimant could have stopped his bicycle and waited for traffic to clear. Instead Claimant continued to ride his bicycle along the narrow median strip to the point of the accident.

In the case of *McAbee vs. State of Illinois, 24 Ill.Ct.Cl. 374,* the Court held that Claimant, who was

riding a bicycle on a clear day on the pavement with no obstructions to bar visibility, was guilty of contributory negligence in not seeing a hole in the street where the Claimant had testified: "Actually, I didn't see it, not before I hit it."

The accident in question occurred during the daylight hours and the hole in the median strip should have been readily visible to the Claimant riding his bicycle. Had the Claimant been reasonably alert and observant, he should have seen the hole and been able to avoid the accident.

It must be concluded from the evidence in this case that the Claimant, Donald Alm, was negligent in the management and control of his bicycle. The Court is of the opinion that, even though Donald Alm was a minor, fourteen years of age at the time of the accident, he failed to exercise that degree of care which a reasonably careful person of the same age, capacity, and experience would have exercised under similar circumstances; and, therefore, was not, as a matter of law, in the exercise of due care and caution for his own safety.

For the above reasons, it is the opinion of this Court that the Claimant, Donald Alm, was guilty of contributory negligence, and that his contributory negligence bars the Claimants from any recovery in this action. Therefore, Claimants' claim must be denied.