(No. 81-CC-1099—▮▮▮▮▮▮

REBECCA FLEISCHER, Claimant, *v*. THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 24, 1983.*

LARRY L. FLEISCHER & ASSOCIATES, LTD. (KENNETH FLEISHER, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (SANDRA ANDINA, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This is a claim by Rebecca Fleischer to recover damages for personal injuries which Claimant sustained on March 6, 1980, when she slipped and fell on the stairs at the State of Illinois building at 160 North LaSalle Street, Chicago, Illinois.

The cause was assigned to a commissioner of the Court for presentation of evidence. The parties entered into certain stipulations wherein documentary evidence consisting of Claimant's deposition, medical reports, hospital records and photographs of the staircase in the State of Illinois building was admitted.

The evidence admitted pursuant to stipulation is summarized as follows: On March 6, 1980, Claimant, Rebecca Fleischer, seventy-three years of age, visited the State of Illinois building at 160 North LaSalle Street, Chicago, Illinois, to attend to tax matters. There was a light snow that day and about an inch of snow had accumulated outside the building. She entered the building and proceeded up the stairway to the Department of Revenue. As she climbed the stairs, she noticed that they were wet. About 20 minutes later, she left the Department of Revenue and went down the stairs when she slipped on the third or fourth step and fell forward sustaining injuries to her knees and elbow.

Both sides agree that Claimant was a business invitee on the premises and that Respondent owed Claimant a duty of ordinary care in maintaining the premises in a reasonably safe condition.

The issue is whether the State of Illinois used reasonable care to maintain the stairway in a reasonably safe condition.

Reasonable care and caution to keep premises safe for invitees does not extend to require the use of all measures to remove all risks from the path of the invitee.

In *Schaub v. State*, 26 Ill. Ct. Cl. 344, this Court held that one who owns or is in control of property is not an insurer of the safety of an invitee.

Claimant advances two theories on which negligence is claimed: The first is that Respondent was negligent in allowing the stairs to become wet.

In *Duble v. State*, 26 Ill. Ct. Cl. 87, in denying the claim, the Court stated that it is common knowledge that, when it is snowing and there is snow on the ground, people entering the building will necessarily carry some moisture on their feet, which will cause the floor inside the building to become damp and more slippery than a dry floor. Claimant testified that it was snowing and that she was aware that the steps were wet. Because of the wet condition of the steps caused by the snow, the possibility that Claimant might slip and fall while climbing the stairs was a normal, obvious and ordinary risk at the time in question, and Claimant, as an invitee, assumed all such risks when she entered the building, *Duble v. State*, 26 Ill. Ct. Cl. 87, 91.

The second theory is that the State was negligent in that it knowingly permitted worn marble steps to remain

for the use of patrons of a building. The only evidence introduced by Claimant to support this contention was her own testimony that the steps were plain marble that she thought were on an angle. Respondent introduced photographs of the steps in question, but these pictures do not support Claimant's contention.

Claimant's second theory fails due to insufficient evidence.

It is the opinion of this Court that Claimant has failed to show by a preponderance of the evidence that Respondent, State of Illinois, was negligent in maintaining the stairs in the State of Illinois building at 160 North LaSalle Street, Chicago, Illinois, on March 6, 1980.

Claim is denied.