(No. 84-CC-0166—)

DAVID GOODRICH, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 25, 1984.*

DAVID GOODRICH, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (ROBERT J. SKLAMBERG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This is a claim by David Goodrich, an inmate of Joliet Correctional Center, for injuries he sustained on Sunday, May 29, 1983, while riding on a truck, driven by an employee of Servomation Corporation, an independent contractor.

On Sunday, May 29, 1983, the inmates of the correction center had a picnic on the institution grounds.

The caterer, Servomation Corporation, used its own employees and also some inmates for catering food.

On Sunday, May 29, 1983, the Claimant and other inmates were assigned to the institution kitchen. When the picnic was over it was necessary for the inmates assigned to the kitchen to help return unused beverages, foodstuff, picnic tables, etc., to the kitchen.

At the direction of an employee of the caterer,

Claimant and other inmates loaded the excess food, etc., on the caterer's truck.

Six or seven persons, including an employee of the caterer, then got on the truck. Three persons including the caterer's employee sat on the tail gate, while Claimant sat on the spare tire inside the body of the truck holding a 55-gallon drum of ice with one hand and a table with the other. The driver, an employee of the caterer, had to drive about a block and a half on a black top road from the picnic site to the door of the kitchen. He slowed for a curve, let out the clutch, accelerated, and four people, including the Claimant, fell from the truck along with the 55-gallon drum of ice, fracturing his right wrist. Claimant did not suffer any permanent injury to his wrist.

Prior to the accident, Claimant rode with the driver of the truck when deliveries were made to and from the picnic site to the kitchen.

At the time of the accident he was ordered to ride in the body of the truck to hold the stuff back there.

Claimant, an inmate, was required to take orders and carry them out. To refuse to do so would subject him to disciplinary action. Thus he did not occupy a position of independence which a person outside a penitentiary occupies. His choice of action being limited he kept silent and did as he was ordered. *Moore v. State* (1951), 21 Ill. Ct. Cl. 282.

When the State assigned the Claimant for kitchen duty under the direction and control of the State, the State made the truck driver its agent to the extent of its functions.

The Court finds from the evidence that the State through its agent was negligent and that Claimant is entitled to an award.

An award is, therefore, entered in favor of Claimant in the amount of one thousand ($1,000.00) dollars,