(No. 82-CC-2330— )

MICHAEL E. RATTS, Claimant, *v*. THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 3, 1986.*

CALANDRINO, LOGAN & BERG (MICHAEL J. LOGAN, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (SUSANNE SCHMITZ and SUE MUELLER, Assistant Attorneys General, of counsel), for Respondent.

Poch, J.

Claimant, Michael E. Ratts, seeks recovery for an injury to his right middle finger.

The following salient facts herein summarized were established by Commissioner Bruno P. Bernabei and duly reported to the court.

On April 28, 1980, Claimant, Michael E. Ratts, was employed as a service repairman by the A.B. Dick Company, and in his capacity of repairman was sent to the offices of the Department of Transportation at 2300 Dirksen Parkway, Springfield, Illinois, for the purpose of repairing a printing press belonging to the Department of Transportation.

Claimant testified that he was working on the machine with his hands in the roller mechanism when he instructed Respondent's employee to "run another master on the camera." Respondent's employee testified that the Claimant told him to "run more copies" and that after turning on the machine for the purpose of running more copies he heard a funny noise and that when he turned around the Claimant was holding his hand.

The Claimant asserts that the State is liable for the injuries sustained, because of the negligence of an employee of the State who was assisting him.

It is obvious that there is a factual dispute as to what the Claimant instructed Respondent's employee to do. It is clear that this claim turns on issues of fact and that the testimony of the two occurrence witnesses is in direct conflict.

The State is not an insurer of the safety of invitees, but must only exercise reasonable care for their safety. See *Fleischer v. State* (1983), 35 Ill. Ct. Cl. 799.

The burden is upon the Claimant to prove by a preponderance of the evidence that the State breached its duty of reasonable care. This the Claimant has failed to do.

In view of the direct conflict of testimony which was presented before the trier of fact, the Court can only speculate as to how the injury occurred.

We find that the Claimant has not shown by a preponderance of the evidence that the Respondent was negligent and this claim is therefore denied.