(No. 86-CC-0172-)

ARTHUR ROGERS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 23, 1991.*

*Amended opinion filed June 4, 1992.*

BERRY & NEWTON, for Claimant.

ROLAND W. BURRIS, Attorney General (GREGORY ABBOTT, Assistant Attorney General, of counsel), for Respondent.

## OPINION

PATCHETT, J.

This is a claim arising out of a work crew from a correctional institution. The Claimant was an inmate at the East Moline Work Camp on December 4, 1984. He was a part of a seven-man work crew which was charged with clearing shrubbery adjacent to a highway. Accompanying the work crew were two correctional officers.

On the morning of December 4, 1984, one of the correctional officers asked the members of the crew if they knew how to operate a chain saw. Another inmate, Cavelle Benjamin, indicated that he did. The officer watched Mr. Benjamin start the saw, and he indicated that it appeared Benjamin knew how to operate the saw.

Shortly before the accident, Benjamin got the saw stuck in a tree. Prior to this time, the Claimant was picking up small branches and generally "goofing off." The correctional officers were some distance away in general supervision of the work crew. The Claimant went to Benjamin and attempted to help him extricate the chain saw from the tree. The saw jumped from the tree and hit the Claimant in the leg, causing injury.

The Claimant was cut on the back of the right leg just below the knee and was taken to a hospital. He received 28 stitches, and he was then released. He served the remaining four days of his sentence in the infirmary at the institution. All the medical bills at the time of the accident were paid by the State.

The Respondent owes a duty to exercise ordinary and reasonable care for the preservation of a prisoner's health. *Dezort v. Village of Hinsdale* (1976), 35 Ill. App. 3d 703, 342 N.E.2d 468.

There is a great deal more to operating a chain saw than just starting it. It is obviously an inherently dangerous device, capable of causing great injury. Evidently, there was no class in safe operation of a chain saw, nor other training given to the prisoners prior to their operating the equipment. In addition, even if Officer Perry as supervisor was not negligent in allowing Benjamin to run the saw, then Benjamin was clearly negligent. His negligence was a direct and proximate cause of the injuries to the Claimant. The fact that he is a fellow inmate and worker with the Claimant does not change that fact. Considering this was a work crew from a correctional institution, the Respondent should be charged with the negligence of Benjamin in addition to that of Perry, if any.

As stated in previous cases, this Court has held,

"This court has held that the State of Illinois owes a duty to inmates of its penal institutions to provide them with safe conditions under which to perform their assigned work. In order to recover in this action, Claimant bears the burden of proving, by preponderance of the evidence, that the state breached its duty of care, that he was free of contributory negligence, and that the negligence of the State of Illinois was the proximate cause of his injury. *Morris v. State*, 23 Ill. Ct. Cl. 91, *Hoskins v. State*, 25 Ill. Ct. Cl. 234."

We therefore find that the Respondent was negligent in assigning a saw to Mr. Benjamin, who obviously did not know how to operate it safely, and that Mr. Benjamin was negligent. Mr. Benjamin's negligence is imputed to the State, as his employer on the day in question.

Next, we need to address the question of contributory negligence. This Court has previously addressed this question in *Moore v. State* (1951), 21 Ill. Ct. Cl. 282:

"Claimant, as a convict, was required to take orders, and to carry them out. To refuse to do so would subject him to disciplinary action, and the forfeiture of his limited privileges, including prompt consideration for parole. Thus he did not occupy a position of independence which a person outside a penitentiary occupies ° ° °. In fact, he did not possess, under the circumstances in this case, the freedom of choice inherent in doctrines of assumed risk and contributory negligence."

Of course, at the time *Moore* was decided, contributory negligence was an absolute bar to recovery. We now exist in a comparative negligence situation. We do find that the Claimant was negligent, and his negligence contributed to his injuries. We accept the amount of comparative negligence at 25%. We therefore come to the subject of damages. The record does not contain a great deal regarding damages. The Claimant received 28 stitches, and some medical bills. There is obviously a scar, and he claims that there is some residual disability, but there is not a great deal of evidence regarding that.

For the foregoing reasons, we grant this claim. We set the damages at the figure of $5,000.00, and reduce it by 25% due to the Claimant's negligence. We therefore make an award of $3,750.00.

## AMENDED OPINION

PATCHETT, J.

This cause comes before the Court upon the petition for rehearing filed herein by the Respondent. The Respondent's petition for rehearing objects to that language on page 3 of the opinion which implied that Mr. Benjamin, a fellow inmate of the Claimant, was an employee of the Department of Corrections.

We do not need to reach this issue in order to determine this case. It is clear, based on the beliefs expressed in the original opinion, that the State was negligent for entrusting Mr. Benjamin with the chain saw at all.

Taking into consideration the Claimant's comparative negligence, we reaffirm our earlier award of $3,750.00 to the Claimant.

Both this amended opinion and the original opinion should be published to clarify the issues addressed in the petition for rehearing. We do not intend to rule in any way on whether Mr. Benjamin would be considered an employee of the Department of Corrections for any reason, since we need not address that issue in order to reach our conclusion in this case.