(No. 86-CC-2761–)

DARRYL CHIESTDER, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 30, 1993.*

JAN SUSLER, for Claimant.

ROLAND W. BURRIS, Attorney General (JOHN R. BUCKLEY, Assistant Attorney General, of counsel), for Respondent.

## OPINION

BURKE, J.

On May 24, 1985, Claimant was an inmate at Stateville Correctional Center when prison employees ordered him to cut weeds in a drainage ditch despite Claimant's protest that the working conditions were unsafe. While cutting the weeds, Claimant suffered a fractured ankle and seeks compensation for lost wages, bodily pain and mental anguish. He bases his claim for $30,025 on the following:

1. $25 for two months lost from his prison job assignment.

2. $5,000 for loss of future earnings from not being able to return to his occupation as a maintenance man after his release from prison.

3. $10,000 to compensate for the injury to his ankle which he claims will prevent him from ever running, climbing or exercising without pain.

4. $15,000 to compensate for bodily pain and mental anguish.

The evidence showed that Claimant suffered an injury to his ankle on May 24, 1985, had his ankle placed in some type of cast, was given medication for pain and ordered to use crutches when walking.

Claimant relied upon a number of cases where the Court held that the State was negligent in failing to meet its duty to provide safe working conditions. (*Morris v. State* (1959), 23 Ill. Ct. Cl. 91; *Reddock v. State* (1978), 32 Ill. Ct. Cl. 611.) These cases do not support Claimant's position.

In *Goodrich v. State* (1984), 36 Ill. Ct. Cl. 326, a prisoner was injured after being thrown from a pick-up truck which he was ordered to ride in after a prison picnic. The Court found that the State, through its agent, was negligent and the Claimant was entitled to an award because of his relationship to the supervisor and his situation as a prisoner. The prisoner had no real choice but to follow orders. In *York v. State* (1981), 35 Ill. Ct. Cl. 67, a prisoner was burned over his face and hands when a stove he had to light during his duties as a prison cook exploded. In this case, the State conceded that it failed to maintain the oven in a safe condition and that its negligence was the sole and proximate cause of the claimant's injuries. The Claimant, in the case at bar, claims the State's failure to keep the workplace (the drainage ditch) in a safe condition was the proximate cause of his injuries.

The Court has long held that the State owes a duty to prisoners employed by the prison to maintain a safe workplace, whether that workplace is a workshop, a kitchen or a drainage ditch. Claimant expressed concern about working in the ditch and its potential hazards, but was ordered to proceed. Fearing disciplinary measures for failure to follow orders, the Claimant entered the ditch and performed the work as instructed. As a result, he sustained an injury to his ankle. The State breached its duty in not providing a safe workplace for the Claimant.

The Claimant received medical attention for his injuries and the required time off to allow him to recuperate. His claim of $30,025 is not substantiated by the evidence.

It is hereby ordered that the Claimant is awarded $2,500 in full and complete satisfaction of this claim.