(No. 86-CC-1183-)

JAMES LEFLER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 17, 1993.*

HAMM & HANNA, LTD., for Claimant.

ROLAND W. BURRIS, Attorney General (VERNE DENTINO, Assistant Attorney General, of counsel), for Respondent.

## OPINION

PATCHETT, J.

This is a claim brought by a former resident of the Vienna Correctional Center for personal injuries he sustained on or about August 31, 1985. As a resident of Vienna Correctional Center, he was taken to a swimming lake, where he and other inmates had recreation.

The facts are disputed as to any warnings which may have been given to the Claimant. The Claimant contends that he received no instruction that there was no diving allowed from the shore. The Respondent's swimming instructor claimed that the inmates were given this instruction by the bus driver or swimming instructor every time while en route to the recreational area. On this particular day, there were approximately 20 inmates on the bus.

The Claimant testified that this was the first time he went to the recreational lake; however, a swimming instructor, Stanley Davis, stated that the Claimant had been at the recreational lake several times. However, it is undisputed that the Claimant had been at the correctional center for less than a week, and no documentary evidence was offered by the Respondent to prove that the Claimant had been at the lake before.

It is also undisputed that Stanley Davis, the swimming instructor, was the first to dive in from the shore, and that another aide was the second person to dive in from the shore. The Claimant, who was the third person to dive in, struck his head and body on the bottom of the lake. There were no signs prohibiting diving from the shore. One of the swimming aides allegedly told the Claimant that he could dive from the shore from this one area.

Stanley Davis' testimony further verified that the Claimant did sustain an injury. Medical reports of the Respondent also demonstrate physical injury to the Claimant consistent with the accident. The Claimant experienced a compression fracture involving the C-7 vertebrae, associated with the widening of the disk space between C-6 and C-7. Respondent's doctors prescribed a cervical collar and limited activities, together with various pain medications over an extended period of time. Claimant testified that he continues to experience stiffness and soreness in the neck area, which is further aggravated by his present work.

Claimant may have been held to assume the risk if it had been "an obvious and ordinary risk." (*Fleischner v. State* (1983), 35 Ill. Ct. Cl. 799.) The State contends that the Claimant assumed the risk because it was a normal, obvious and ordinary risk, but at the same time the State admits that it did have notice that the water was too shallow for diving.

When the State is assigned an inmate for duties under the direction of the State, he becomes the State's agent to the extent of his functions. (*Goodrich v. State* (1984), 36 Ill. Ct. Cl. 326.) The fact that inmate Davis was assigned by the State as a swimming aide/instructor

and dove into the water immediately prior to the Claimant establishes by a preponderance of the evidence that the negligence of the State was a cause of the injury. In addition, there were no signs warning not to dive in from the shore. The State was further negligent in failing to provide warning signs, and failing to instruct the Claimant that there was to be no diving from the shore. This negligence was also the proximate cause of the Claimant's injuries.

Despite the fact that the Claimant had a compression fracture of the C-7 vertebra, and he continues to take pain medication, he is able to hold down a job requiring a significant amount of physical exertion. It is very difficult to quantify damages that the Claimant has suffered. However, we believe the State was negligent, and we award the Claimant the sum of $12,500 for his injuries.