177

(No. 88-CC-4264-■■■■■■)

GILDA SANDERS, Claimant, *v.* BOARD OF GOVERNORS OF STATE COLLEGES AND UNIVERSITIES FOR CHICAGO STATE UNIVERSITY, Respondent.

*Order filed August 22, 1995.*

MICHAEL D. POLLARD, for Claimant.

DUNN ULBRICH HUNDMAN STANCZAK & OGAR (DOUGLAS J. HUNDMAN, of counsel), for Respondent.

ORDER

JANN, J.

The Claimant, Gilda Sanders, slipped and fell on water on a concrete locker room floor at Chicago State University, 9501 South King Drive in Chicago, Illinois on May 30, 1986. She suffered a fractured tailbone, incurred medical bills totaling $448, lost $170 in income by missing 5 half-days at work, and spent several months in pain. The notice of claim was filed May 19, 1987, and the complaint was filed May 20, 1988. Claimant alleges Respondent allowed water to accumulate, did not provide non-slip surfaces and failed to warn persons of the allegedly dangerous condition. A hearing was held before Commissioner Michael E. Fryzel on April 27, 1995.

At the hearing, the Claimant testified that she was coming back from a parent-toddlers swimming class with

her two-year-old daughter. As they were walking through a corridor between the showers and the locker room, she slipped and fell on her coccyx, blacked out, and when she regained consciousness was surrounded by several people offering assistance. On her way out of the building, Claimant stopped at the door and reported the incident to a guard. Later that day, she went to Michael Reese emergency room. She was x-rayed, given pain medication and a donut hole cushion to sit on. Claimant had to sleep downstairs at home for two and a half months because she couldn't climb stairs. Claimant could not work for several days, missing the half-days she normally worked as a nursery school teacher.

The only testimony regarding the condition of the corridor came from Claimant, who testified that there was a "considerable amount of water" and that the water did not seem to be going down the drain. Claimant also stated that there was more water in the corridor than there had been on the four or five previous occasions she had attended the swimming class.

Respondent did not present any witnesses. Respondent argued that the occurrence of an accident does not support an inference of negligence on the part of the State without proof of causation. Claimant must demonstrate proximate cause by establishing within a reasonable certainty that the Respondent's acts or omissions caused her injury.

Claimant presented no evidence of negligence by Respondent in the design, construction or maintenance of the corridor. No testimony was offered that the water in the corridor constituted an unreasonably dangerous condition. There was no evidence as to Respondent's notice of the condition or as to prior incidents occurring in the same area. It is reasonable to assume that the floor

between a shower room and lockers adjacent to a swimming pool will become wet and more slippery than a dry floor. The facts herein are analogous to those in *Fleischer v. State* (1983), 35 Ill. Ct. Cl. 799, and *Duble v. State* (1967), 26 Ill. Ct. Cl. 87. These cases held that an invitee assumes all normal, obvious or ordinary risks attendant to use of the premises.

Based upon the foregoing, we hereby find Claimant has failed to meet her burden of proof to demonstrate negligence by Respondent.