LORENZO BECK, Plaintiff-Appellant, *v.* ROSSI BROTHERS *et al.*, Defendants-Appellees.

First District (4th Division)   No. 83—2045

Opinion filed June 28, 1984.

Albert F. Hofeld, Ltd., of Chicago (Howard Schaffner, of counsel), for appellant.

Judge & Knight, Ltd., of Park Ridge (Jay S. Judge and Kristine A. Karlin, of counsel), for appellees.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Lorenzo Beck, appeals an order of the trial court dismissing his complaint for failure to state a cause of action. He raises the following issues for review: (1) whether the landlord's knowledge of prior criminal activity upon its premises creates a duty to protect tenants from similar subsequent criminal acts, and (2) whether a landlord's negligent performance of maintenance work, causing an outside entrance door, which fully closed prior to the work, to remain ajar and incapable of being fully closed after the work, gives rise to a cause of action where illegal entry is made through that door, resulting in criminal attack upon the plaintiff.

We affirm.

On December 27, 1982, plaintiff filed a complaint against Western National Bank of Cicero, Rossi Brothers Properties & Co., and Carl Rossi. Western National Bank was the trustee of the property owned by the other defendants and was eventually dismissed as a party. In

the complaint, plaintiff alleged that on October 15, 1982, defendants owned and managed an apartment building at 6940 South Clyde Avenue in Chicago. Plaintiff was a tenant in the building. While present in a common area, he was injured as a result of shots fired at him by trespassers. Plaintiff claimed that defendants were negligent in failing to install and maintain locks on doors used for entry to the premises, in failing to maintain the doors so that the locks could be engaged, and in failing to provide proper security devices to safeguard the premises from trespassers. As a proximate result of defendants' negligence, plaintiff suffered damages of $200,000.

On May 11, 1983, plaintiff filed his first amended complaint in which he further alleged that prior to October 15, 1982, defendants caused a lock to be placed upon an entrance door to the building and also caused work to be performed upon the door frame of the entrance. As a result of this work, the door did not close completely but remained ajar. This condition was apparent from outside the building. Prior to the repair work, the door closed completely. Prior to October 15, 1982, more than one trespasser had entered the building and committed crimes therein. This fact was known or should have been known by defendants.

On July 27, 1983, the trial court granted defendants' motion to strike and dismiss plaintiff's amended complaint with prejudice. Plaintiff appeals.

At issue in this case is whether plaintiff's amended complaint states a cause of action. In *Carrigan v. New World Enterprises, Ltd.* (1983), 112 Ill. App. 3d 970, 446 N.E.2d 270, the court addressed the issue of a landlord's duty to protect persons on his premises against criminal activities of third persons. In *Carrigan*, plaintiff's action was against her landlord and its agents for injuries she received from being raped, which she alleged resulted from defendants' failure to repair a burglar alarm located in her apartment. The appellate court reversed a jury award of $125,000 in compensatory damages and $50,000 in punitive damages.

After extensive review of case law (including most of the same cases cited by plaintiff in the instant case), the *Carrigan* court concluded that a limited duty has been imposed on the landlord in certain situations. (112 Ill. App. 3d 970, 977.) But this duty arises from contractual obligations and not from a voluntary undertaking to protect tenants from harm from third persons or to provide security to certain areas. (112 Ill. App. 3d 970, 975.) The court held that where the landlord failed to repair a burglar alarm, that contractual breach would not entail damages for harm caused to plaintiff by the interven-

ing criminal act of a third party. (112 Ill. App. 3d 970, 978.) The court also held that the complaint was fatally defective in its allegation that the faulty burglar alarm proximately caused plaintiff's injuries. To accept this theory, it would be necessary to engage in speculation and conjecture. Where precise cause of plaintiff's loss is left to conjecture, then plaintiff cannot recover and evidence should not be submitted to the jury. 112 Ill. App. 3d 970, 978.

Plaintiff also cites *Mims v. New York Life Insurance Co.* (1971), 133 Ill. App. 2d 283, 273 N.E.2d 186, in support of his position that his complaint states a cause of action. In *Mims*, plaintiffs suffered a loss when defendant's employee left their apartment door open. In our opinion, *Mims* fits into the category of cases described above in which a duty arose from a contractual obligation rather than a voluntary undertaking to protect tenants. In *Mims*, defendant's employee, having unlocked plaintiffs' door to inspect the premises, had a duty to lock the door.

In accordance with *Carrigan*, we hold that plaintiff's complaint was properly dismissed for failure to state a cause of action.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN, P.J., and JIGANTI, J., concur.